**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| RHODE ISLAND HOSPITAL | : | |
| | : | |
| | : | |
| v. | : | C.A. No. 06-0260 ML |
| | : | |
| MICHAEL O. LEAVITT, et al. | : | |
| | : | |

**RHODE ISLAND HOSPITAL'S LOCAL RULE 16 PRETRIAL STATEMENT**

Pursuant to Local Rule 16, Rhode Island Hospital ("RIH") hereby submits its pretrial statement. In this action, RIH seeks a declaratory judgment that the decisions of the Provider Reimbursement Review Board ("PRRB") denying jurisdiction over two issues in RIH's Medicare/Medicaid appeal for fiscal year 1999 and depriving RIH of a hearing on the issues are of no legal effect and must be vacated.

## A. BACKGROUND

The Medicare program pays most acute care hospitals for the operating costs of inpatient hospital services pursuant to a prospective payment system ("PPS").[1] Hospital payments for inpatient services are subject to certain payment adjustments that are intended to provide additional reimbursement in instances in which Medicare believes the PPS payments are insufficient. One of the PPS payment adjustments is the disproportionate share hospital ("DSH") adjustment.[2] The DSH adjustment is designed to reimburse certain hospital for the additional costs of serving a disproportionate number of low-income patients.

To obtain DSH payments, a hospital must file a cost report with its fiscal intermediary at the end of each fiscal year. The intermediary performs an audit and

---

[1] See 42 U.S.C. §§ 1395ww(d)(1)-(5); 42 C.F.R. part 412.
[2] See 42 U.S.C. § 1395ww(d)(5)(F); 42 C.F.R. § 412.106.

issues a notice of program reimbursement ("NPR") and audit adjustment report which sets forth adjustments, if any, to the cost report made during the audit. A hospital may appeal the adjustments to the PRRB. These appeals may be adjudicated in group appeals comprised of at least two providers, which address a single reimbursement issue common to all members of the group, or in individual appeals involving solely the hospital.

## B. THE PRRB'S DECISION VIOLATES THE ADMINISTRATIVE PROCEDURES ACT

RIH appealed the intermediary's determination of its Medicaid and Medicare percentage used to determine its DSH adjustment. RIH argued that the Medicaid eligible days count should have included all patient days for which a patient was eligible for medical assistance, regardless of whether Medicaid actually paid the hospital for the days ("Eligible Days Issue"). RIH also appealed the intermediary's determination of the Medicare percentage, asserting that the intermediary understated the percentage by using inaccurate and erroneous data to determine RIH's number of patient days eligible for SSI ("SSI Percentage Issue").

The PRRB has never held a hearing on the Eligible Days Issue or the SSI Percentage Issue. Indeed, the PRRB has not held a hearing on any of the issues protested in RIH's appeal for FYE 9/30/99. Thus, there is absolutely no prejudice to the government in allowing RIH's appeal on the issues in question to proceed. RIH seeks to have the SSI Percentage Issue resolved as part of a group appeal before the PRRB (the Southwest Consulting DSH SSI Group Appeal (PRRB Case No. 00-3019G) (the "Southwest Group")).[3] In addition, RIH seeks to have the Eligible Days Issue settled in

---

[3] The Group Appeal is being held in abeyance pending the outcome of appeals in another case (Baystate Medical Center v. Mutual of Omaha Ins. Co., ("Baystate")), which the Board decided in March this year. The SSI Percentage Issue will almost certainly be decided in the end based on the final outcome in the

connection with the settlement of other issues within the Rhode Island Hospital FYE 9/30/99 appeal (the "Individual Appeal").[4] The PRRB, on motion from the Intermediary, concluded that RIH's right to a hearing on the two issues was foreclosed even though RIH had never had a hearing on these issues and even though RIH's appeal for FYE 9/30/99 was still open and capable of having new issues added to it.[5] If upheld, this ruling amounts to an absolute forfeiture against RIH and a complete sacrifice of its rights to a hearing – without any support in the underlying statute or regulation.

Title 42 U.S.C. § 1395oo(a) and 42 C.F.R. § 405.1835 provides for a "right to a [PRRB] hearing" if the provider [RIH] filed a cost report, an intermediary's determination was made, the provider filed a written request for a hearing and the amount in controversy is $10,000 or more. RIH meets these criteria. Furthermore, 42 C.F.R. § 405.1841(a)(1) clearly provides that a party has an absolute right to add an issue to its individual appeal at any time prior to hearing.[6] Thus, the provider need not even be aware of an issue to protest within the 180-day period, so long as it has given a notice of a protest of any issue within the 180-day window. Therefore, the PRRB's rulings are arbitrary, capricious, and an abuse of discretion and otherwise contrary to law in violation of the Administrative Procedures Act, 5 U.S.C. § 706(2).

---

Baystate case. Thus, there will be no additional burden on the PRRB or the Intermediary should the SSI Percentage Issue be resolved within the Group Appeal.

[4]There is no dispute about the amount of reimbursement that RIH is due under the Eligible Days Issue. Indeed, the only reason the Intermediary has not reimbursed RIH for such amounts is the jurisdictional issues raised below.

[5] RIH previously requested separate group appeal treatment of the issues – as a temporary measure – while the proper format for resolving the issues was determined. RIH did not pursue the earlier group appeals, and the PRRB dismissed those group appeals for failure to file position papers. RIH intended, instead, to have the issues addressed within the Southwest Group and the Individual Appeal. RIH informed the PRRB and the Intermediary of its intention to receive its hearing on those matters. RIH received no response or objection until recently, several years after RIH's requests to the PRRB.

[6] 42 C.F.R. 405.1841(a)(1) states in part: "Prior to the commencement of the hearing proceedings, the provider may identify in writing additional aspects of the intermediary's determination with which it is dissatisfied and furnish any documentary evidence in support thereof."

RHODE ISLAND HOSPITAL

By its attorneys,

*/s/ Robert G. Flanders, Jr.*

Robert G. Flanders, Jr. (#1785)
Mitchell R. Edwards (#6942)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (fax)
rflanders@haslaw.com
medwards@haslaw.com

Dated: October 24, 2006

**CERTIFICATION**

I hereby certify that on October 24, 2006, a copy of foregoing Plaintiff's Local Rule 16 Pretrial Statement was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

*/s/ Robert F. Flanders, Jr.*