UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RHODE ISLAND HOSPITAL, )
)
Plaintiff, )
)
v. ) C.A. No. 06-260ML
)
MICHAEL O. LEAVITT, Secretary of )
the U.S. Department of Health )
and Human Services, )
)
Defendant. )
)

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**

Statement of the Case

Defendant, the Secretary of Health and Human Services, submits this memorandum in support of his motion, pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure, for a protective order barring plaintiff's discovery request. Plaintiff, a Medicare-certified hospital, has brought this action under 42 U.S.C. § 1395oo(f)(1) to obtain judicial review of decisions by the Provider Reimbursement Review Board ("the Board") holding that plaintiff is precluded from pursuing certain Medicare reimbursement claims in its "individual appeal" for its 1999 fiscal year. The Board based these decisions on the ground that the same reimbursement claims had previously been asserted by plaintiff and Miriam Hospital in "group appeals", and that such group appeals had been dismissed based on the failure of the two hospitals to comply with the procedural requirements of the Board by filing position papers (Administrative Record ("A.R."), at 2-6, 47-48).[1]

[1] The Federal Courts have consistently held that the Board may dismiss an appeal based on the provider's failure to file a position paper. See High Country Home Health, Inc. v. Thompson, 359 F.3d 1307 (10th Cir. 2004); UHI, Inc. v. Thompson, 250 F.3d 993, 996-997 (6th

On November 22, 2006, plaintiff served a request for production of documents on defendant.[2] Through this request, plaintiff seeks to compel defendant to produce broad categories of documents relating to the rules and procedures of the Board on the effect of a dismissal of a provider appeal (individual or group) for failure to submit a position paper, as well as any letters or decisions issued by the Board that allowed a provider in any case to continue to litigate issues that had been raised in a closed or dismissed group appeal, or to reopen a closed or dismissed group appeal (Exhibit 1).

Defendant submits that plaintiff's discovery request is inappropriate and should be barred for two reasons. First, the scope of the Court's review in this case is limited by the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, and judicial review under the APA, with exceptions not applicable here, is limited to the record before the agency at the time it made its decision. Second, this case presents issues of regulatory and statutory interpretation that can be resolved without discovery or the production of extra-record information. In these circumstances, plaintiff's demand for discovery will result in undue burden and expense to defendant. For these reasons, plaintiff's discovery request is inappropriate, and defendant is entitled to a protective order under Rule 26(c)(1).

---

Cir. 2001) ("[b]oth the procedural requirement itself, as well as the [Board's] application of it, are reasonable"); Inova Alexandria Hospital v. Shalala, 244 F.3d 342, 349-351 (4th Cir. 2001); Novacare, Inc. v. Thompson, 357 F.Supp.2d 268, 272 (D.C.D.C. 2005).

[2] A copy of the document request - designated as "Rhode Island Hospital's Request for the Production of Documents to Defendants Michael O. Leavitt, in His Capacity as Secretary of Health and Human Services and Department of Health and Human Services" - is attached hereto as Exhibit 1.

**ARGUMENT**

I. THE COURT HAS BROAD DISCRETION TO LIMIT OR DENY DISCOVERY.

The Federal Rules of Civil Procedure vest broad discretion in the district courts with respect to control of discovery matters. See Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978); United Presbyterian Church in the U.S.A. v. Reagan, 738 F.2d 1375, 1382-1383 (D.C. Cir. 1984). Rule 26(c)(1) provides that, upon a showing of good cause, a court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense", including an order that "discovery not be had". Thus, district courts have the authority to issue protective orders to deny, limit, or delay discovery to protect a party from undue burden and expense, or to promote justice. See City of Waltham v. U.S. Postal Service, 11 F.3d 235, 243 (1st Cir. 1993); Public Citizen v. Liggett Group, Inc., 858 F. 2d 775, 790 (1st Cir. 1988) ("[c]ontrol of pretrial discovery, including the entry or modification of a protective order, is a matter falling peculiarly within the discretion of the district court").

II. BECAUSE THIS CASE DOES NOT FALL WITHIN ANY NARROWLY-DEFINED EXCEPTION TO THE RULE AGAINST DISCOVERY IN APA CASES, PLAINTIFF SHOULD BE BARRED FROM OBTAINING THE REQUESTED DISCOVERY.

The scope of the Court's review in this case is governed by 42 U.S.C. § 1395oo(f)(1), which states that the action "shall be tried" pursuant to the applicable review provisions of the APA. Id. More specifically, the Court's review is limited to whether the Board's decision is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law ... [or] unsupported by substantial evidence". 5 U.S.C. § 706(2)(A),(E). The APA further states that these determinations shall be based on the court's review of "the whole record or those parts of it cited by a party". 5 U.S.C. § 706. Because the court's review under the APA is limited to the existing administrative record, discovery in such cases is generally impermissible. See Camp v.

Pitts, 411 U.S. 138, 142 (1973) ("the focal point for judicial review [under the APA] should be the administrative record already in existence, not some new record made initially in the reviewing court"); Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 410-420 (1971) (a district court's review of agency action must be based on "the full administrative record that was before the [agency] at the time [it] made its decision," which should correspond to "the 'whole record' compiled by the agency").

While there are certain narrowly-defined exceptions to the rule against discovery in APA cases, none of these exceptions apply in this case. For example, this case does not present a situation where the agency failed to explain the basis for its decision. See, e.g., Camp v. Pitts, 411 U.S. at 142 (where the agency's failure to explain its decision would "frustrate effective judicial review," it may be appropriate to "obtain from the agency, either through affidavits or testimony, such additional explanation for the agency decision as may prove necessary"). The basis for the administrative decisions at issue in this case is quite simple to comprehend (see A.R. at 2-6, 47-48), and plaintiff has not tailored its discovery request to obtain a further explanation of such decisions.

Similarly, plaintiff has not made any allegation of bad faith or misconduct on the part of the Board, nor could plaintiff credibly do so. Without anything approaching a "strong showing of bad faith or improper motive", plaintiff cannot rely on the "bad faith" or "improper motive" exception to the rule against discovery in APA cases. See Citizens to Preserve Overton Park v. Volpe, 401 U.S. at 420.

In sum, nothing in this case justifies a departure from the general rule that discovery is not allowed in APA cases. Because this case does not present the type of extraordinary situation in which discovery is appropriate, the Court should issue a protective order barring plaintiff's

discovery request.

III. THE DISCOVERY SOUGHT BY PLAINTIFF IS NOT NECESSARY TO RESOLVE THE QUESTIONS OF LAW PRESENTED BY THIS CASE, AND WOULD SUBJECT DEFENDANT TO UNDUE BURDEN AND EXPENSE.

Aside from the fact that discovery is generally not allowed in APA cases, a protective order should issue because compliance with plaintiff's document request would subject defendant to undue burden and expense. The documents sought by plaintiff are not relevant to the issues raised by this case, which are strictly legal in nature. The underlying issue before the Court is whether the Board appropriately concluded that the dismissals of the group appeals precluded plaintiff from pursuing the reimbursement claims presented in the group appeals in its individual appeal (A.R. at 2-6, 47-48). In Counts I and II of its First Amended Complaint, plaintiff has asserted specific statutory and regulatory challenges to the Board's decisions. The Court can resolve these issues by examining the pertinent provisions of the Medicare statute and regulations, and the written procedures of the Board, all of which are publicly available.[3] No further factual development is necessary before the Court may pass judgment on these issues.

It is also clear that compliance with the document request would subject the Board to significant burden and expense. Plaintiff would have the Board sift through its hearing records for "decisions, letters, or other statements" on various matters relating to closed or dismissed appeals. The Board is "burdened by an immense caseload, consisting of more than 11,000 claims each year". High Country Home Health, Inc. v. Thompson, 359 F.3d at 1310. See also 69 Fed. Reg. 35716, 35717 (June 25, 2004)(referencing a "backlog of approximately 10,000 cases before

---

[3] The Board's written procedures are available on the agency's website. http://www.cms.hhs.gov/PRRBReview/02_PRRB_Instructions.asp. See also Novacare, Inc. v. Thompson, 357 F. Supp.2d at 270 n. 1.

the Board"). Requiring Board personnel to put their normal duties aside in order to locate and retrieve the requested documents from closed case files would be unduly burdensome and disruptive to Board operations, particularly where such information would have no bearing on the questions of law raised by this case.

## CONCLUSION

For the foregoing reasons, the Court should grant defendant's motion and enter a protective order barring plaintiff's discovery request.

Respectfully Submitted,

MICHAEL O. LEAVITT,
Secretary of Health and Human Services

By His Attorney,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Anthony C. DiGioia
ANTHONY C. DIGIOIA, #2495
Assistant U.S. Attorney
Chief, Civil Division
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5017 (fax)
Email: anthony.digioia@usdoj.gov

Of Counsel:

DANIEL MERON
General Counsel

NANCY S. NEMON
Chief Counsel, Region I

CLIFFORD M. PIERCE
Assistant Regional Counsel
Department of Health and Human Services
J.F.K. Bldg., Rm. 2250
Boston, MA 02203
(617) 565-2379

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on the 21st day of December, 2006, I electronically filed the within Defendant's Memorandum in Support of Motion for Protective Order with the Clerk of the United States District Court for the District of Rhode Island, using the CM/ECF System. The following participant has received notice electronically:

Mitchell R. Edwards, Esq.
Robert G. Flanders, Esq.
Hinckley Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903

/s/ Anthony C. DiGioia
ANTHONY C. DIGIOIA, #2495
Assistant U.S. Attorney
Chief, Civil Division
United States Attorney's Office
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903
(401) 709-5000
(401) 709-5017 (Fax)
Email: anthony.digioia@usdoj.gov