**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| RHODE ISLAND HOSPITAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 06-260 ML |
| | ) | |
| MICHAEL O. LEAVITT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**PLAINTIFF'S OBJECTION TO DEFENDANT'S**
**MOTION FOR PROTECTIVE ORDER**

Plaintiff hereby objects to Defendant's motion for protective order. In support of its objection, Plaintiff relies upon the accompanying memorandum of law.

Respectfully submitted,

RHODE ISLAND HOSPITAL

By its counsel,

/s/*Robert G. Flanders, Jr.*
Robert G. Flanders, Jr. (#1785)
Mitchell R. Edwards (#6942)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (facsimile)
rflanders@haslaw.com
medwards@haslaw.com

Lawrence W. Vernaglia (admitted *pro hac*)
Foley & Lardner LLP
111 Huntington Ave.
Boston, MA 02199
(617) 342-4079
(617) 342-4001 (facsimile)
lvernaglia@foley.com

Dated: January 5, 2007

**CERTIFICATION**

I hereby certify that on January 5, 2007 a copy of the foregoing Plaintiff's Objection to Defendant's Motion for Protective Order was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/Robert G. Flanders, Jr.

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RHODE ISLAND HOSPITAL, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 06-0260 ML |
| MICHAEL O. LEAVITT, et al., | : | |
| Defendant. | : | |

**RHODE ISLAND HOSPITAL'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

Plaintiff, Rhode Island Hospital ("RIH"), objects to the motion for a protective order of defendant Michael O. Leavitt, Secretary of the U.S. Department of Health and Human Services (the "Secretary"). In this case, RIH has appealed the decision of the Provider Reimbursement Review Board ("PRRB" or "Board") to dismiss two group appeals pending before the PRRB because of RIH's failure to file position papers in those group appeals. Prior to PRRB's dismissal of the group appeals, however, RIH transferred one of the issues pending in a group appeal to RIH's individual appeal and another issue to a different group appeal. Nevertheless, the PRRB would not permit a hearing to go forward on these issues. Thus, RIH has appealed the PRRB's decision to this Court.

In light of the PRRB's decision, RIH is seeking documents related to the PRRB's policies or rules regarding (a) whether a dismissal of a provider appeal for failure to submit a position paper is treated by the PRRB as a dismissal with prejudice; (b) whether the PRRB customarily permits a provider to add an issue to or continue to litigate an issue in an individual appeal after dismissal of that issue from a group appeal for failure

to submit a position paper; and (c) whether the PRRB customarily permits a provider to add an issue to a group appeal after dismissal from a different group appeal for failure to submit a position paper. RIH is also seeking documents allowing a provider to (a) add issues to or continue to litigate issues in an appeal if those issues had been part of a group appeal that was closed or dismissed by the PRRB; (b) reopen a previously closed or dismissed appeal; or (c) receive a hearing on an issue that had been included in a group appeal that was closed or dismissed by the PRRB.

As demonstrated below, the documents RIH requested are (1) relevant to this matter, (2) not within the Administrative Procedure Act's limitations on discovery, and (3) reasonable and not burdensome for the Secretary to produce. The Court should deny the Secretary's motion for a protective order.

## I. BACKGROUND

The Medicare program reimburses most acute care hospitals for the operating costs of inpatient hospital services pursuant to a prospective payment system ("PPS"). 42 U.S.C. § 1395ww(d). Hospital payments for inpatient services are subject to certain payment adjustments that are intended to provide additional reimbursement in instances in which Medicare believes the PPS payments are insufficient. 42 U.S.C. § 1395ww(d)(5). One of the PPS payment adjustments is the disproportionate share hospital ("DSH") adjustment. The DSH adjustment is designed to reimburse qualifying hospitals for the additional costs of serving a disproportionate number of low-income patients.

Whether a hospital qualifies for the DSH adjustment and the amount of the adjustment it receives depends on the hospital's "disproportionate patient percentage."

42 U.S.C. § 1395ww(d)(5)(F)(v). The most commonly used method for a hospital to qualify for the DSH payment adjustment follows a statutory formula under which payment is based on the level of the hospital's DSH patient percentage, *i.e.*, the sum of two fractions (expressed as a percentage): the "Medicare fraction" and the "Medicaid fraction." 42 C.F.R. § 412.106(b). The Medicare and Medicaid fractions are added together to determine if the hospital is entitled to receive DSH payments and, if so, the amount of such payments. *Id.*

To obtain DSH payments, a hospital must file a cost report with its fiscal intermediary at the end of each fiscal year. The hospital's fiscal intermediary performs an audit and issues a notice of program reimbursement ("NPR") and audit adjustment report which sets forth adjustments, if any, to the cost report made during the audit. A hospital may appeal the adjustments to the PRRB. These appeals may be adjudicated in group appeals comprised of at least two providers, which address a single reimbursement issue common to all members of the group, or in an individual appeal involving a single hospital, subject to meeting the amount in controversy.

On February 14, 2002, RIH filed an individual appeal with the PRRB of the determination by its fiscal intermediary ("Intermediary") of the hospital's Medicaid and Medicare percentage used to determine its DSH adjustment for fiscal year 1999 ("Individual Appeal"). RIH argued that the Medicaid eligible days count should have included all patient days for which a patient was eligible for medical assistance, regardless of whether Medicaid actually paid the hospital for the days ("Eligible Days Issue"). RIH also appealed the Intermediary's determination of the Medicare percentage, asserting that the Intermediary understated the percentage by using inaccurate and

erroneous data to determine RIH's number of patient days eligible for Supplemental Security Income ("SSI Percentage Issue").[1]

On June 27, 2002, RIH requested that the PRRB transfer for Case No. 02-0763 the Plaintiff's "Eligible Days Issue" for fiscal year 1999 to a group appeal – the RI Hospitals 99 Days Included in DSH Calculation Group Appeal (PRRB Case No. 02-1868G) and transfer the "SSI Percentage Issue" for fiscal year 1999 to a group appeal – the RI Hospitals 99 SSI Percentage Group Appeal (PRRB Case No. 02-1867G). On June 28, 2002, RIH submitted a preliminary position paper in PRRB Case No. 02-0763 in a timely manner. In the preliminary position paper, RIH stated that it requested that the PRRB accept the Eligible Days Issue and the SSI Percentage Issue as part of a group appeal, but RIH expressly reserved the right to add the Eligible Days Issue and the SSI Percentage Issue to its Individual Appeal and have it adjudicated therein if a jurisdictional barrier arises that would prevent the Eligible Days Issue from being resolved in the group appeal framework.

On September 30, 2002, RIH submitted its final position paper in PRRB Case No. 02-0763 in a timely manner. RIH stated that to facilitate settlement discussions with the Intermediary, RIH requested the transfer of the Eligible Days Issue back to the Individual Appeal (PRRB Case No. 02-0763) from the DSH Calculation Group Appeal (PRRB Case No. 02-1868G) and the transfer of the SSI Percentage Issue back to the Individual Appeal (PRRB Case No. 02-0763) from the SSI Percentage Group Appeal (PRRB Case No. 02-1867G). RIH briefed the Eligible Days Issue and the SSI Percentage Issue in its final position paper on pages 3 through 8. Nevertheless, on October 10, 2003 – more than one year later – the PRRB dismissed the RI Hospitals 99 Days Included in DSH Calculation

---

[1] The PRRB assigned Case No. 02-0763 to the Individual Appeal.

Group Appeal (PRRB Case No. 02-1868G) and the SSI Percentage Group Appeal (PRRB Case No. 02-1867G) for failure to submit a position paper in the group appeals.[2]

Thus, the PRRB has never held a hearing on the Eligible Days Issue or the SSI Percentage Issue. Indeed, the PRRB has not held a hearing on any of the issues protested in RIH's appeal for fiscal year 1999. The hearing on this matter is scheduled for the Spring of 2007. RIH seeks to have the SSI Percentage Issue resolved as part of a different group appeal before the PRRB (the Southwest Consulting DSH SSI Group Appeal (PRRB Case No. 00-3019G) (the "Southwest Group")). In addition, RIH seeks to have the Eligible Days Issue settled in connection with the settlement of other issues within RIH's Individual Appeal. The PRRB, on motion from the Intermediary, concluded that RIH's right to a hearing on the two issues was foreclosed even though RIH had never had a hearing on these issues and even though RIH's appeal for fiscal year 1999 was still open and capable of having new issues added to it.[3] If upheld, this ruling amounts to an absolute forfeiture against RIH and a complete sacrifice of its rights to a hearing – without any support in the underlying statute or regulation. It is also notable that RIH, in fact, transferred the issues in question back to its Individual Appeal, and briefed them in its Final Position Paper prior to the dismissal of the group appeals.

The PRRB claims that the dismissal of the group appeals precludes RIH from having a hearing on the Eligible Days Issue and the SSI Percentage Issue in the Individual Appeal or the Southwest Group Appeal respectively. RIH has not identified any publicly-available polices or decisions from the PRRB that substantiate this position.

---

[2] On December 20, 2002, RIH requested that the PRRB transfer the Plaintiff's "SSI Percentage" issue to the Southwest Consulting DSH SSI Group Appeal (PRRB Case No. 00-3019G).

[3] The PRRB rules permit a provider to add issues to an existing appeal prior to commencement of the hearing. PRRB Instructions, Part I, Section C. VI. The PRRB rules also permit the transfer of issues from an individual appeal to a group appeal. *Id*.

Therefore, RIH has propounded document requests to the defendants requesting two categories of documents to determine the PRRB's policies under the circumstances in this case. For the reasons set forth below, the Court should deny the Secretary's motion to preclude RIH from obtaining any discovery.

## II. ARGUMENT

### A. The Court should deny the Secretary's motion because documents concerning the Board's policies are relevant to this appeal.

Documents reflecting the PRRB's policies and practices under circumstances similar to the facts at issue here are relevant to demonstrate that the PRRB acted arbitrarily, capriciously, abused its discretion, or otherwise did not act in accordance with law. The Court has broad discretion in shaping the parameters of pretrial discovery. *Aponte-Torres v. University of Puerto Rico*, 445 F.3d 50, 59 (1st Cir. 2006). Federal Rules of Civil Procedure 26(b) and 34 provide that, upon a showing of good cause, the court may order any party to produce and permit the inspection of designated documents, papers, et cetera, which constitute or contain evidence relating to any matter, not privileged, which is relevant to the subject matter involved in a pending action. *See U.S. v. Grinnell Corp.*, 30 F.R.D. 358, 359 (D.R.I. 1962).

A court reviewing an agency's action under the Administrative Procedures Act ("APA") is required, in part, to hold unlawful and set aside agency actions, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 706(2)(a); *Harvard Pilgrim Health Care of New England v. Thompson*, 318 F.Supp.2d 1, 8 (D.R.I. 2004). The court's analysis is limited to determining whether the agency's decision was rational and based on a consideration

of the relevant factors. *Novacare, Inc. v. Thompson*, 357 F.Supp.2d 268, 271 (D.D.C. 2005).

The core issue in this case is whether the Board incorrectly refused to allow RIH to have the Eligible Days Issue and the SSI Issue addressed in either RIH's Individual Appeal or the appropriate group appeal. The Board's published decisions are based on the record made at hearings. *See* 42 U.S.C. § 1395oo(d). In this case, there was no hearing.

Further, the cases cited by the Secretary in his motion are inapplicable. RIH file a position paper timely in its Individual Appeal. The cases in the Secretary's motion, however, involve circumstances where courts upheld the Board's dismissals of individual appeals when a party does not submit a position paper, or does so past the deadline <u>in that particular individual appeal</u>. *See High Country Home Health, Inc. v. Thompson*, 359 F.3d 1307, 1309 (10th Cir. 2004) (position paper not timely filed in an individual appeal); *UHI, Inc. v. Thompson*, 250 F.3d 993, 996-97 (6th Cir. 2001) (no position paper filed in an individual appeal); *Inova Alexandria Hopsital v. Shalala*, 244 F.3d 342, 345 (4th Cir. 2001) (no position paper filed in an individual appeal); *Novacare, Inc. v. Thompson*, 357 F.Supp.2d 268, 272 (D.D.C. 2005) (position paper not timely filed in an individual appeal). These cases do not discuss the filing of a position paper in an individual appeal and the transfer of those issues to group appeals.

RIH's document requests are relevant to the ultimate issue that must be decided – whether the Board acted arbitrarily, capriciously, abused its discretion or did not act in accordance with law when it dismissed RIH's group appeals. If the Board permits similar cases to proceed while imposing on RIH an absolute forfeiture of its right to a

hearing, that would be a classic case of an action that is arbitrary, capricious, and an abuse of discretion. Only by compelling the requested discovery can this point be established.

### B. **The Court should deny the Secretary's motion because RIH's document requests are not subject to the APA's limitations on discovery.**

The APA's limitations on discovery generally constrain reviewing courts from considering evidence that the administrative agency did not consider during its hearing. That limitation does not apply to this matter, however, because here there was never a hearing and RIH does not seek to create a new administrative record. RIH wants to review those documents evidencing the policies that apparently resulted in the PRRB dismissing RIH's group appeals.

It is well-established that "the focal point of judicial review under the APA is the administrative record already in existence and not a new record made by the reviewing court." *Harvard Pilgrim*, 318 F.Supp.2d at 8 (collecting cases). Reviewing courts are to determine whether an agency's action was arbitrary or capricious in light of the information the agency confronted. *Id.* at 9. This task requires a "re-view, a second look at the same material, not a re-doing." *Id. (citing Bradley v. Weinberger,* 483 F.2d 410, 415 (1st Cir.1973)); *see Camp v. Pitts*, 411 U.S. 138, 142 (1973). With questions concerning the procedural validity of an agency decision, however, it may be appropriate to resort to extra-record information to enable judicial review to become effective when an agency action is not adequately explained in the record before the court. *See Esch v. Yeutter*, 876 F.2d 976, 991 (D.C. Cir. 1989).

RIH seeks documents that shed light on the PRRB's policies that led to the dismissal of RIH's group appeals. RIH did not have a hearing before the Board and, therefore, it is not re-litigating its claims. RIH is also not looking for new facts to supplement the administrative record. Rather, RIH seeks documents that articulate or evidence the policy or practice that the PRRB relied upon when it dismissed RIH's group appeals, which were timely filed and met the jurisdictional prerequisites for such appeals.

In his motion for a protective order, the Secretary has misconstrued RIH's document requests as an attempt to supplement the administrative record. The cases the Secretary cited in his motion address the APA's limitations on adding information to the administrative record on appeal that was not initially before the agency. *See, e.g., Camp*, 411 U.S. at 143 (remanding case back to agency instead of conducting a *de novo* hearing); *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 409-10 (1971) (court's review of agency decision made with the record available at the time of the decision). The APA's limitation on discovery furthers the purpose of judicial review of administrative decisions under the APA; namely, the court, when reviewing an agency decision, should review that decision in light of the same information the agency reviewed. Unlike the new affidavits that the *Overton Park* court characterized as "merely *post hoc* rationalizations," RIH's document requests seek the documents that evidence the policy and practice relied upon by the PRRB at the time it made its decision against RIH. 401 U.S. at 419.

**C. <u>The Court should deny the Secretary's motion because RIH's document requests are neither unreasonable nor burdensome.</u>**

RIH's requests are reasonable. They are focused on documents that evidence the PRRB's policies that demonstrate why the PRRB decided to dismiss RIH's group

appeals. The Secretary claims that the documents RIH has requested "would have no bearing on the questions of law raised by this case." Secretary's Memorandum in Support of Protective Order, 6. To the contrary, these documents are the only available source for an explanation of why the PRRB dismissed RIH's group appeals. The PRRB's publicly-available documents do not address this situation.

RIH's document requests are not burdensome. While the PRRB may have a significant caseload, that fact alone is not a basis to preclude RIH from discovering important, relevant information in this case. The court in *High Country* referred to the PRRB's caseload in the context of discussing the reasonableness of adhering to strict procedural requirements to prevent parties from re-litigating cases before the PRRB. 359 F.3d at 1311. Discovery is a different matter. The trial court is required to balance the burden of proposed discovery against the likely benefit – including the importance of the discovery in resolving the issues. *See Gill v. Gulfstream Park Racing Ass'n., Inc.*, 399 F.3d 391, 400 (1st Cir. 2005) (citing Fed. R. Civ. P. 26(b)(2)). The PRRB's production of the documents that RIH requested will assist in a more speedy resolution of this matter because they bear directly on the ultimate issues that the Court must determine. If the PRRB presents evidence, which it has not to date, that there is indeed a vast amount of documents subject to RIH's request, then limiting the scope of discovery is the appropriate action – not an outright prohibition.

## III. CONCLUSION

For the reasons stated above, the Court should deny the Secretary's motion for a protective order.

RHODE ISLAND HOSPITAL

By its attorneys,

*/s/ Robert G. Flanders, Jr.*

Robert G. Flanders, Jr. (#1785)
Mitchell R. Edwards (#6942)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (fax)
rflanders@haslaw.com
medwards@haslaw.com

Dated: January 5, 2007

**CERTIFICATION**

I hereby certify that on January 5, 2007, a copy of foregoing Plaintiff's Memorandum in Opposition to Defendants' Motion for a Protective Order was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

*/s/ Robert F. Flanders, Jr.*