UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RHODE ISLAND HOSPITAL | : | |
| | : | |
| v. | : | C.A. No. 06-260ML |
| | : | |
| MICHAEL O. LEAVITT, Secretary of Health and Human Services | : | |

**MEMORANDUM AND ORDER**

**Background**

In this action, Plaintiff Rhode Island Hospital (the "Hospital") is challenging a decision of the Provider Reimbursement Review Board (the "PRRB"). The PRRB adjudicates appeals from health care providers as to the level of Medicare/Medicaid reimbursement. 42 U.S.C. § 1395oo. The dispute in this case involves the Hospital's reimbursement level for fiscal year 1999. Pursuant to 42 U.S.C. § 1395oo(f)(1), this Court has jurisdiction over the Hospital's challenge and its review is governed by the Administrative Procedure Act (the "APA"), 5 U.S.C. § 702, et seq.

Although the underlying dispute is complex, the challenged PRRB decision was made on fairly simple procedural grounds. See Administrative Record ("AR") at pp. 2-6 and 47-48. The crux of the dispute is whether the dismissal of an appeal by the PRRB for failure to file a timely position paper has preclusive effect on the issue raised in that appeal. The PRRB held that it did and refused to allow the Hospital to litigate the issue by adding or transferring it to another pending appeal. The Hospital contends that the PRRB erred because, prior to the dismissal for failure to file a position paper, the Hospital exercised its right under 42 C.F.R. § 405.1841(a)(1) to transfer or add the issue back into its initial appeal. See also PRRB Instructions, Part I (C)(VI) at p. 10.

**Discussion**

Before the Court for determination (28 U.S.C. § 636(b)(1)(a); LR Cv 72(a)) is Defendant's Motion for Protective Order filed pursuant to Fed. R. Civ. P. 26(c)(1). (Document No. 12). A hearing was held on January 24, 2007. The Motion is directed at a Request for Production of Documents served on Defendant by the Hospital on or about November 24, 2006. The Request broadly seeks discovery regarding certain PRRB "policies or rules" and prior decisions of the PRRB on certain issues. Defendant argues that the Request should be stricken for three reasons: (1) under the APA, 5 U.S.C. § 706, this Court's review is limited to the administrative record making extrinsic discovery inappropriate; (2) the procedural issue in this case is one of regulatory and statutory interpretation that can be resolved without the need for discovery; and (3) responding to the Hospital's Requests (particularly No. 2) would be unduly burdensome and expensive.

Under Fed. R. Civ. P. 26(c), the Court may, for "good cause shown" by the moving party, "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." This includes an order, as requested by Defendant in this case, "that certain items not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters." See Fed. R. Civ. P. 26(c)(4). For the reasons discussed below, Defendant has established good cause for the issuance of a protective order and thus its Motion for Protective Order (Document No. 12) is GRANTED.

Since administrative review is confined to the record, "broad-ranging discovery aimed at matters not included in the administrative record is inappropriate." Harvard Pilgrim Health Care of N.E. v. Thompson, 318 F. Supp. 2d 1, 8-9 (D.R.I. 2004). Here, the Hospital challenges decisions

issued by the PRRB on March 28, 2006 (AR at pp. 47-48) and on June 14, 2006 (AR at pp. 2-6). Both decisions contain the PRRB's position as to the relevant background and a brief narrative as to the basis for its decision and its reliance on certain sections of the PRRB Instructions issued under the authority of 42 U.S.C. § 1395oo(e).

The Hospital contends that the requested documents are relevant to the issue of whether the PRRB acted arbitrarily or capriciously, abused its discretion, or otherwise did not act in accordance with the law. While the Hospital correctly identifies the issue in this APA review, it has not convinced the Court that the discovery requested is necessary or even relevant to this administrative appeal. The Hospital contends, relying on Esch v. Yeutter, 876 F.2d 976, 991 (D.C. Cir. 1989), that discovery is required because the PRRB did not adequately explain its decision. While the Hospital may disagree with the PRRB's decision and may well be correct in that opinion, the procedural issue decided by the PRRB was relatively simple and its decisions each contain a short and plain explanation of the reasons for such decisions. See AR at pp. 3, 5 and 48.

The Hospital also argues that discovery is warranted because it has not been able to identify "any publicly-available policies or decisions from the PRRB that substantiate [its] position." Document No. 14 at p. 7. Again, however, this is not a reason to permit discovery in an administrative appeal. The Court must ultimately determine if the PRRB's decision is supported by substantial evidence in the record and the applicable law. The applicable law is contained in the U.S. Code, Code of Federal Regulations, the PRRB Instructions and any applicable case law. Prior PRRB decisions are apparently available to the public as the Hospital's attorney cited to "several PRRB decisions" in his April 3, 2006 request to reopen submitted to the PRRB. (AR at p. 13). This

administrative appeal has yet to be briefed on the merits. When it is, it will be incumbent on Defendant to identify the legal support for the challenged decision. If it fails to identify such support, the Hospital will surely point that out in its argument to vacate the challenged PRRB decisions. If it does identify such support, the Hospital will surely analyze the legal support offered by Defendant and present any available argument(s) as to the applicability or weight to be provided to it.

Finally, the Hospital argues that the discovery sought may reveal that the PRRB has taken a different position in the past in similar cases. It contends that if the PRRB has taken inconsistent positions, it would be a "classic case" of a decision that is arbitrary, capricious and an abuse of discretion. However, the Hospital offers absolutely no factual support for the existence of inconsistent decisions and it is plainly on a fishing expedition. If this Court allowed the Hospital to go on this fishing expedition, then it would have to allow all plaintiffs in administrative appeals to do so based solely on a speculative accusation of possible disparate enforcement. Such a result would place the burden on administrative agencies to research all of their prior decisions for plaintiffs in administrative appeals in an attempt to locate any past inconsistent decisions. There is no support under the APA to place such a burden on the agency.

**Conclusion**

Under Fed. R. Civ. P. 26(b)(1), discovery must be relevant to a claim or defense, or reasonably calculated to lead to the discovery of admissible evidence. Since this Court's review under the APA is confined to the administrative record, the discovery sought by the Hospital is neither relevant nor reasonably calculated to lead to admissible evidence. See Harvard Pilgrim, 318

F. Supp. 2d at 13. Accordingly, Defendant's Motion for Protective Order (Document No. 12) is GRANTED and Plaintiff's Request for Production of Documents is stricken.

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
January 26, 2007