# EXHIBIT A

# PROVIDER REIMBURSEMENT REVIEW BOARD

# INSTRUCTIONS

## Introduction

The Provider Reimbursement Review Board's (Board) Instructions for providers and intermediaries are attached. These Instructions supersede those previously issued on May 5, 2000.

***NOTE: Our notification letter, Parties to PRRB Appeals, dated February 25, 2002 erroneously indicated that these Instructions would be effective for appeals filed on or after March 1, 2002. As indicated herein, these instructions supersede those issued on May 5, 2000. Therefore, these Instructions are in effect as of March 1, 2002.***

The Instructions, which implement section 1878 of the Social Security Act and the regulations at 42 C.F.R. §§ 405.1835 - .1873, are divided into three parts. Each part has a table of contents for easy access to a specific subsection. Both pages and sections are numbered. The date following each section is the effective date of that section. As revisions occur, the date on the section revised will change. The changes have also been highlighted in gray. Note: if there has been a deletion, the date following the section will have been changed.

The Instructions apply to both individual and group appeals. In some instances, unique procedures exist for these two types of appeals. These procedures are identified separately. The dates described in the various sections of this document are meant to serve as a guide. You are responsible for adhering to the specific dates reflected in the Board's correspondence to you.

Part I contains sections dealing with the Board's authority, the request for a hearing before the Board, the Board's procedures for pursuing an appeal, the Board's mediation procedures, and the Expedited Judicial Review process.

Part II discusses prehearing discovery and position papers.

Part III describes various aspects of the hearing itself.

The Board may revise any or all of these Instructions to reflect changes in the law, the regulations, or the Board's policies and procedures. The Instructions are available on the Internet at www.hcfa.gov/regs/prrb.htm. You may also obtain copies from the Board by calling (410) 786-2671.

**PROVIDER REIMBURSEMENT REVIEW BOARD**

**INSTRUCTIONS**

**PART I**

A. The Provider Reimbursement Review Board

I. Authority .......... 1

II. Scope of Board's Decision Making Authority .......... 1

B. Request for a Hearing before the Board

I. Qualification for a Hearing .......... 2

a. Board Jurisdiction .......... 2
1. Threshold Amounts .......... 3
2. Timeliness and Requests for Good Cause .......... 3
3. Revised NPR .......... 3
4. Refusal to Reopen .......... 4
5. Self-Disallowed Costs .......... 4

b. Appeal of Jurisdictional Decisions & Finality .......... 4

c. Individual Appeals .......... 4

d. Group Appeals .......... 5

II. Requirements for a Hearing Before the Board .......... 6

a. Hearing Request for Individual Appeals ..........
6

b. Hearing Request for Group Appeals .......... 7

C. Board Policies and Procedures for Pursuing an Appeal

I. Board's Acknowledgment of Hearing Request .......... 8

II. Communications .......... 8

III. Letter of Representation .......... 8

IV. Home Office Issues .......... 9

V. Accelerated Hearing Requests .......... 9

VI. Adding of Issues to an Existing Appeal and/or Transfer of an Issue to Group .......... 10

VII. Adding Providers to a Group .......... 10

VIII. Completing the Group and Pertinent Due Dates .......... 10

A. Documents due at 12 months from date of group hearing request 11
B. Documents due at 14 months from date of group hearing request 11
C. Documents due at 16 months from date of group hearing request 12
D. Documents due at 18 months from date of group hearing request 12

IX. Preparation of the Associated Jurisdictional Documentation to Accompany the Schedule of Providers (Schedule A) .......... 12

X. Preparation of the Associated Jurisdictional Documentation to Accompany the Schedule of Providers With Jurisdiction Issues (Schedule B) .......... 13

XI. Postponement of Proceedings .......... 14

XII. Withdrawing an Appeal .......... 14

XIII. Reinstatement Requests .......... 15

a. Reinstatement of Appeal Dismissed Pursuant to a Settlement Agreement .......... 15

b. Reinstatement of Appeal Dismissed by the Board .......... 15

XIV. Parties' Responsibilities .......... 15

D. Mediation .......... 17

E. The Expedited Judicial Review Process .......... 18

I. Request for EJR .......... 18

II. Board Action on Your Request for EJR .......... 18

III. Judicial Review of Board's EJR Decision........................................ 19

Attachments -

Attachment A - Schedule of Providers in Group ("Schedule A")

Attachment B - Schedule of Providers with Jurisdiction Issues or Providers without Final Determinations ("Schedule B")

Attachment C - Sample Addition of Providers to Group letter

A. The Provider Reimbursement Review Board

The Provider Reimbursement Review Board (Board) was established by the Social Security Amendments of 1972 (Pub. L. 92-603) as a national, independent forum for hearing and deciding payment disputes between you - the provider, and your intermediary (the parties). The Board provides the parties to the dispute with fair notice and ample opportunity to present their respective positions. The Board's procedures afford the parties their due process and equal protection.

The Board will act upon every case brought before it. Generally, it will either schedule a hearing on the issues in dispute or dismiss the request for failing to meet jurisdictional or procedural requirements. *[March 1, 2002]*

I. AUTHORITY

The Board, in exercising its authority, complies with the provisions of Title XVIII (Medicare) of the Social Security Act (Act), the Medicare regulations, and Centers for Medicare & Medicaid Services (CMS) (formerly known as the Health Care Financing Administration (HCFA)) Rulings. The statutory provisions concerning Board review appear in the section 1878 of the Social Security Act, 42 U.S.C. § 1395oo, and the regulations regarding Board appeals appear in 42 C.F.R., Part 405, Subpart R. The Board is not bound by general instructions issued by CMS. However, it gives great weight to those instructions and all interpretive rules, and general policy statements of CMS in making its decisions. The Board's instructions are intended to speak to the Board's internal operating procedures in that they give only an overview of the procedures in some respects. Accordingly, providers are encouraged to refer to the statute and regulations for a fuller discussion of the appeals procedures.

The Board also makes its own rules and establishes procedures in order to manage its extensive inventory of complex appeals while still affording due process. The Board requires its procedures to be followed during the course of an appeal. Failure by a provider to follow Board procedures may result in dismissal of the appeal.
*[March 1, 2002]*

II. SCOPE OF BOARD'S DECISION MAKING AUTHORITY

The Board may affirm, modify, or reverse, wholly or in part, final determinations of the intermediary or the Secretary of Health and Human Services (Secretary) (for limitations on the Board's authority, see Part I, E. The Expedited Judicial Review Process). The Board may also make other modifications on matters covered by a cost report even though the intermediary did not consider those matters in making its final determination.

The Board expects you and the intermediary, in accordance with the regulations, to communicate early and attempt to negotiate areas of misunderstanding and difference. The Board is not the forum for deciding frivolous disputes nor is it the body for an initial detailed review of documentation. Documentation should be timely submitted to the intermediary. *[March 1, 2002]*

B. Request for a Hearing Before the Board

## I. QUALIFICATION FOR A HEARING

Only you as an individual provider or as a group of providers may request and receive a hearing before the Board under section 1878 of the Social Security Act (42 U.S.C. § 1395oo) for a cost reporting period for which you have filed a cost report. Intermediaries, although parties to an appeal, may not request a Board hearing. In addition, a home office, because it is not a provider of services, may not request and receive a hearing before the Board. Consequently, adjustments that were made on the home office cost statement are not appealable, as such. Home office adjustments are appealable to the Board only by providers, and only when the adjustments are reflected in the providers' cost reports.

You may ask for a hearing on both factual and legal issues involving the way the intermediary or the Secretary apply the provisions of Title XVIII of the Social Security Act, the regulations, CMS Rulings, program instructions, and other relevant authorities in determining your payment. You will qualify for a Board hearing, provided your request complies with certain criteria, and provided that you comply with the Board's orders and instructions. *[March 1, 2002]*

### a. Board Jurisdiction

You may ask for and obtain a Board hearing on an issue or issues pertaining to items and services furnished a Medicare beneficiary that are covered by Medicare. The Board is not the proper forum for hearing appeals on the issue of whether an item or service is covered; it is the forum for deciding how much reimbursement is appropriate for items and services that are covered. See 42 C.F.R. § 405.1873.

Your appeal must also meet specific jurisdictional requirements and you must follow Board procedures. The Board wants to stress that it follows the practice of other appeal avenues by not reminding the parties of their responsibilities to manage their own appeals. The parties themselves, once informed of Board procedures and due dates, are responsible for complying with all Board requirements.

The Board will dismiss your request for a hearing if, on its face, it does not meet the threshold requirements for Board jurisdiction. The Board will dismiss your request, for example, if you are not a provider of services. It will dismiss your case if you have not appealed from a final determination or if you are appealing from a determination over which the Board does not have jurisdiction, e.g., the intermediary's refusal to reopen your cost report.

Further, you may not appeal certain subject matters, as limited, for example, by sections 1862 and 1878(g) of the Social Security Act. You may not appeal issues involving the establishment of diagnosis-related groups (DRGs), DRG discharge classification methodologies, DRG resources, weighting factors, or any budget neutrality adjustment in

prospective payment rates. The Board is precluded from accepting jurisdiction over certain issues including, among others, the validity of the provider agreement and an interim rate of payment established by the intermediary.

1. Threshold Amounts

The Board will dismiss your appeal if your initial hearing request does not meet the jurisdictional monetary requirement ($10,000 or more for an individual appeal; $50,000 or more, in the aggregate, for a group appeal). If the Board finds that your request has less than $10,000 but more than $1,000 in dispute, it will inform you and the intermediary of its finding. The Board will determine whether a case forwarded by the intermediary because it exceeded the threshold for an intermediary hearing meets the jurisdictional requirements for a hearing before the Board.

2. Timeliness and Requests for Good Cause

Your request for a hearing must be mailed to the Board no later than 180 days after you have received the final determination from which you are appealing, or, where applicable, no later than 180 days after the expiration date of the 12-month period for issuance of a timely NPR by the intermediary. The Board will dismiss your hearing request if you have not submitted it within the 180-day filing period, unless you have shown good cause for a late filing. The Board will only consider a request for good cause if you submit an explanation with your initial hearing request showing that you had good cause for the late filing, and if the Board finds your explanation acceptable. The Board decides each case based on the factual circumstances presented. Examples of situations that the Board may consider acceptable are (1) unusual or unavoidable circumstances that demonstrate you could not have reasonably been expected to file timely; and (2) proof of involuntary destruction of or other damage to your records. If you request a hearing more than three years after issuance of the final determination in dispute, the Board cannot extend the time limit for filing the appeal. See 42 C.F.R. § 405.1841(b).

3. Revised NPR

The Board accepts jurisdiction over appeals from a revised Notice of Program Reimbursement (NPR) where the issues(s) in dispute were specifically adjusted by that revised NPR. The Board typically follows the courts by limiting the scope of such an appeal to only the revised issue(s). See Anaheim Memorial Hospital v. Shalala, 130 F.3d 845 (9th Cir. 1997).

4. Refusal to Reopen the Cost Report

The Board does not have jurisdiction over an intermediary's refusal to reopen a cost report. See 42 C.F.R. § 405.1885(c) and Your Home Visiting Nurse Service v. Shalala 525 U.S. 440 (1999).

5. Self-Disallowed Costs

Where you are claiming a cost is self-disallowed, the hearing request must identify the specific law, regulation, CMS Ruling or manual instruction that precludes an intermediary from reimbursing the cost. See e.g. Bethesda Hospital Association v. Bowen, 485 U.S. 399 (1988), Adams House Health Care v. Bowen, 862 F. 2d 1371 (9th Cir. 1988), Little Company of Mary v. Shalala, 24 F.3d 984 (7th Cir. 1994).

*[March 1, 2002]*

b. Appeal of Jurisdictional Decisions and Finality

You may seek review by the Administrator of CMS of any final decision of the Board that disposes of an entire appeal for a particular cost year. The Office of the Attorney Advisor must receive your request for review within 15 days of the receipt of the Board decision. See 42 C.F.R. § 405.1875(b). You should send your request for review to the following address:

Centers for Medicare & Medicaid Services
Office of the Attorney Advisor
Room C3-01-20
7500 Security Boulevard
Baltimore, MD 21244-1850

A decision of the Board is final and binding upon all parties unless it is reviewed by the Administrator of CMS, is reopened and revised by the Board or is reviewed by a court.

*[March 1, 2002]*

c. Individual Appeals

You must be dissatisfied with a final determination of the intermediary or the Secretary (who has delegated this responsibility to CMS) or the lack of a final determination for a period for which you have filed a cost report. If you appeal a Notice of Amount of Program Reimbursement (NPR) and a revised NPR for the same fiscal year end, the Board will combine them into one appeal.

In addition to appealing from a final determination, the reimbursement effect (amount in controversy) with respect to matters for which you have requested a Board hearing must be at least $10,000, at the time the request for hearing is filed, for the cost reporting period under appeal.

You must also mail your request for a hearing within 180 calendar days after the date of receipt of the determination being appealed. The Board presumes that you have received notice of your final determination within five days of the date of its issuance, unless you present evidence to rebut the presumed five-day period. You must mail your request no later than close of business on the 180th calendar day after receipt of the determination in dispute. When the 180th day falls on a week-end, legal holiday, or any other day all or part of which is declared a nonwork day for federal employees, the Board considers your request to be timely if it is mailed on the first full workday thereafter. The Board's receipt date is the day it stamps your hearing request "Received" or the date written as "received" on your certified mail return receipt.

If you are appealing the intermediary's failure to issue an NPR timely, you must mail your request for a hearing within 180 days of the expiration of the 12-month period following your filing of a perfected or amended cost report with the intermediary. The Board can consider your request only if you did not cause the delay and the amount stated on the cost report as the amount of intended program payment due is at least $10,000. See 42 C.F.R. § 405.1835(c).

*[March 1, 2002]*

d. Group Appeals

You and at least one other provider may request a group appeal. Such an appeal is called an "optional" group appeal. A group appeal consists of one issue only, which involves a question of fact or an interpretation of law, regulation, or CMS ruling, which is common to all providers in the appeal. If you are appealing multiple year ends and various issues, you may not combine these appeals into one request to the Board. Consequently, you must file a separate request for a group hearing for each fiscal year end and each issue.

If there are factual differences among the providers, the issue is not a valid group appeal issue. For example, bad debts, exception issues, reconciliation issues, settlement data and undefined home office issues are among the issues that are generally inappropriate for a group appeal.

The Board may limit the size of an optional group appeal for processing and case management purposes. This could occur when the providers' documentation is so voluminous that it becomes too difficult to track.

Each provider in a group appeal must satisfy the jurisdictional requirements, except for the $10,000 criteria, for an individual request for a Board hearing. The aggregate claims in dispute must total at least $50,000.

If you and other providers are under common ownership or control and have an issue in common, you must file a group appeal if the amount in controversy is $50,000 or more. These are known as Common Issue-Related Party or CIRP appeals and are "mandatory" group appeals. If the amount in controversy is less than $50,000, then you and the other providers may file individual appeals as long as you meet all jurisdictional requirements,

including the $10,000 threshold, for individual appeals before the Board. A CIRP appeal is separate from and is not a part of a non-CIRP appeal.

You or any single provider may appeal issues not common to other providers in the group on an individual basis. You should note that the filing of a group appeal does not constitute a timely filing for an individual appeal. See 42 C.F.R. § 405.1837(b).

A group appeal should involve a single fiscal year end and one cost report per provider. However, when a group of providers, either under the optional or mandatory guidelines, cannot meet the requisite jurisdictional amount of $50,000, the providers may combine more than one fiscal year to comply with this criteria. You may not combine different issues to meet the threshold amount.

You cannot be a party to more than one group appeal on the same issue for the same fiscal year end.

*[March 1, 2002]*

II. REQUIREMENTS FOR A HEARING BEFORE THE BOARD

You must mail a written request for a hearing to the Board. The Board will not accept a facsimile transmission of your request.

You must send your request, and any further correspondence, to:

Chairman
Provider Reimbursement Review Board
2520 Lord Baltimore Drive, Suite L
Baltimore, MD 21244-2670

You must simultaneously submit a copy of the request to your intermediary. You should send the Board only the original of your request.

*[March 1, 2002]*

a. Hearing Request for Individual Appeals

Your hearing request must include your name, provider number, the fiscal year end of your appeal, and the name of your fiscal intermediary. If the appeal is for a hospital complex, you must include the provider numbers for the hospital and any sub-provider units for which you are filing the appeal. You must include a copy of the final determination you are appealing and of the audit adjustment page(s) relating to the issue(s) in dispute, if applicable. Your hearing request must include a calculation demonstrating how your appeal meets the amount in controversy threshold.
If you are appealing the Intermediary's failure to issue an NPR within 12 months of filing your cost report, you must identify and document the date you sent your final cost report to the intermediary and state that you did not cause the delay. You must submit a copy of your cover letter and the first page of the filed cost report. A request for appeal based on the Intermediary's failure to issue an NPR must be mailed to the Board within 180 days

of the expiration of the 12-month period following the filing of your cost report with the Intermediary. See 42 C.F.R. § 405.1835(c).

Your hearing request must include an identification and statement of the issue(s) you are disputing. You must identify the specific issues, findings of fact and conclusions of law with which the affected parties disagree; and you must specify the basis for contending that the findings and conclusions are incorrect. If you use an acronym, you must define it first. You must clearly and specifically identify your position in regard to the issues in dispute. For instance, if you are appealing an aspect of the disproportionate share (DSH) adjustment factor or calculation, do not define the issue as "DSH". You must precisely identify the component of the DSH issue that is in dispute.

For Example: Were the Intermediary's adjustments to the number of available beds for disproportionate share (DSH) qualification purposes proper?

Please note that because of space limitations, the Board cannot accept initial requests or subsequent submissions that are in loose-leaf three-ring binders. You should submit large or voluminous documents bound in a manner that requires less storage space.

*[March 1, 2002]*

b. Hearing Request for Group Appeals

The request for a hearing for group appeals must be clearly structured so that it is easily reviewable. It must identify two or more providers who have received a final determination, e.g., an NPR, and a statement attesting to a reasonable belief that the amount in controversy threshold will have been met when all providers have been added to the appeal. Your request must also identify the group representative (see Part I, C. III., Letter of Representation, for more details). For each provider, the group representative must identify the city, county, and state in which that provider is located. The hearing request must explain the specific common issue in sufficient detail to understand the complete substance of the issue.

*[March 1, 2002]*

## C. Board Policies and Procedures for Pursuing an Appeal

The Board has established a number of procedures that you and the intermediary must follow while pursuing an appeal before the Board. *[March 1, 2002]*

### I. BOARD'S ACKNOWLEDGMENT OF A HEARING REQUEST

After the Board receives your individual or group request for a hearing, it will send you, with a copy to your intermediary, its "Acknowledgment and Critical Due Dates" letter. This letter gives you critical data about your appeal. It assigns a case number and lists all due dates. By giving you a projected month of hearing, this letter also places your case on the Board's long-term calendar. The Board will not send you further correspondence about your appeal until it sends you and the intermediary the Notice of Board Hearing, which will inform you of a specific hearing date. *[March 1, 2002]*

### II. COMMUNICATIONS

You must use the case number assigned to your appeal on all correspondence with the Board. You and the intermediary must copy each other on all correspondence and documentation submitted to the Board. The manner of service should be commensurate with the time sensitivity of the subject matter. Except for the due dates specified in the Acknowledgment and Critical Due Dates letter, you each have thirty days to respond in writing to any communication submitted by the other party to the Board. The Board requires a confirmation copy by mail of any documents sent by telephone facsimile.

Neither party may communicate with the Board without giving proper notice to the other party. The Board requires that communications about an appeal before the Board must indicate that copies have been served on the parties and the Board, as appropriate. *[March 1, 2002]*

### III. LETTER OF REPRESENTATION

You must advise the Board, and the intermediary, by letter, of the appointment of a representative with whom the Board should communicate and who will communicate on your behalf. If a representative files the initial hearing request, you must include a letter authorizing this representation with the initial request for a hearing. CIRP groups may submit a single letter signed by the home office or chain owner authorizing the representative, whereas in an optional group, each provider participating in the group must submit a separate letter authorizing the group representative. The Board requires that the letter designating a representative be on the letterhead of, and signed by, the home office or chain owner (for CIRP groups) or the provider(s) for individual appeals and all participants in an optional group. If you are designating a firm as your representative, you should also identify the individual within that firm with whom the Board should correspond.

You may engage more than one organization to advise you about your appeal; however, the Board will correspond with one individual only. Only that individual, i.e., representative, should file documents on your behalf with the Board. Letters to the Board must be on the representative's stationery. Where the provider fails to properly notify the Board of the authorization of a representative, correspondence from that representative will not be recognized by the Board.

The Board and the intermediary will send your designated representative all material to which you are entitled. The Board stresses that it is your responsibility to inform it promptly of any change in a representative or of a change in your representative's address. Failure to do so does not absolve you of your responsibility to meet the Board's due dates.

Any other party to your appeal may have a representative. The preceding criteria also apply. *[March 1, 2002]*

## IV. HOME OFFICE ISSUES

As noted in Section B.1. of this document, adjustments made to the home office cost statement are not appealable as such. Home office adjustments are appealable to the Board only when they are reflected in the Provider's cost report and the Provider has received its NPR.

If you include a home office issue in your appeal, you must delineate the specific aspects of the home office cost statement you are challenging (i.e. Home Office Management Fees, Home Office Stock Option Cost Adjustments, etc.) In addition, the Board requires that you identify any other providers in your organization that have the same issue(s) in dispute and the aggregate amount in controversy. If there are providers which have the same issue in dispute and for which the amount in controversy, in the aggregate, meets the $50,000 threshold, you must establish a separate group appeal for each home office issue. Note: if a specific home office issue, in the aggregate, does not meet the $50,000 threshold, the issue may remain in the individual appeal.

*[March 1, 2002]*

## V. ACCELERATED HEARING REQUESTS

You may request the earliest possible hearing date in your initial hearing request. Also you may request that your month of hearing be rescheduled to an earlier month. The request must be made in writing and you and your intermediary must sign a statement that you have agreed to the issues in dispute before the Board will act upon your request.

*[March 1, 2002]*

VI. ADDING OF ISSUES TO AN EXISTING APPEAL AND/OR TRANSFER OF AN ISSUE TO GROUP

In an individual appeal, you may add issues to the appeal prior to the commencement of the hearing. You must identify the issues in writing and simultaneously furnish any supporting documentary evidence. (See Part I, B., II., a. Hearing Request for Individual Appeals.) The issues must be from the final determination(s) that is (are) the subject of your hearing request. The Board does not send written acknowledgement of the addition of issues to an existing appeal. Since you are responsible for addressing all issues in a position paper before the hearing, you should assume that the added issues are part of your appeal. In addition, the Board does not acknowledge, in writing, the transfer of issue(s) from an individual appeal to a group appeal, unless it will result in the closing of the individual case.

Although issues may be added to an individual appeal even after you have filed your position paper, the Board will look with disfavor on issues that are added at the last minute. The Board encourages you to submit a supplemental position paper on any such added issue(s) at least 45 days before the hearing.

A group, whether a CIRP or optional, cannot add issues to its appeal, because a group appeal has only one issue. *[March 1, 2002]*

VII. ADDING PROVIDERS TO A GROUP

When adding a provider to a group, the group representative must identify, in writing, the name of the group, the fiscal year end of the appeal, and the group case number. See Sample Addition to Group letter attached (Attachment C). Also, the group representative must list the name of the provider, the city, county and state in which that provider is located, the provider number, the fiscal year end, the date of the final determination, the provider's intermediary, and the individual PRRB case number if the issue is being transferred from a pending individual appeal. *[March 1, 2002]*

VIII. COMPLETING THE GROUP & PERTINENT DUE DATES:

A group must be completed within 12 months from the date of the group hearing request. The Board may dismiss the group appeal if the group representative misses this or any of its deadlines. If the group representative has met all of its deadlines but the lead intermediary does not meet its deadlines, the case will, nevertheless, proceed to a hearing. Also, the Board will contact CMS regarding contract compliance.

The time frames indicated below are meant to serve as a guide. You must adhere to the specific dates set forth in the Group Acknowledgment and Critical Due Dates letter.

A. 12 months from the date of the group hearing request:
Within 12 months from the date of the group hearing request the Board must receive a letter from the group representative stating that the group is complete and identifying the lead intermediary.

NOTE: If there are multiple intermediaries involved, the group representative will determine the lead intermediary as follows:

Identify the intermediary that services the majority of the providers. If there is a tie, then identify the intermediary based on the total amount of reimbursement at issue.

However, if the providers are commonly owned and the home office is serviced by a different intermediary than the providers, identify as the lead intermediary that which services the home office.

At the Board's discretion, it may change the designation of the lead intermediary. If it finds a change necessary, it will advise the parties in writing of its decision.

B. 14 months from the date of the group hearing request:
Within 14 months from the date of the group hearing request, the lead intermediary must receive the group representative's preliminary position paper. In addition, the Board must receive from the group representative, a letter certifying that the preliminary position paper due date has been met. A copy of the first page (only) of the preliminary position paper must be included with this letter.

Also at this time, the group representative must complete and submit the Schedule of Providers ("Schedule A") in the group (and the Schedule B, if applicable) to the lead intermediary. Each providers' jurisdictional documentation must be submitted using the format included under Attachments A and B. Also see Section IX and X regarding the preparation of associated jurisdictional documentation.

The group representative must supply to the Board, a copy of the cover letter transmitting the Schedule(s) to the lead intermediary, as well as copies of the Schedules only. At this time, the Board will review the group representative's determination of a lead intermediary.

C. 16 months from the date of the group hearing request:
Within 16 months from the date of the group hearing request, the group representative must receive the lead intermediary's preliminary position paper. In addition, the Board must receive a letter certifying that the preliminary position paper due date has been met. A copy of the first page (only) of the preliminary position paper must be included with this letter.

Also at this time, the lead intermediary must review the Schedules and associated jurisdictional documentation. The lead intermediary is to forward the Schedules, the associated jurisdictional documents and its comments regarding jurisdiction to the Board.

D. 18 months from the date of the group hearing request:
Within 18 months from the date of the group hearing request, the Board must receive both parties' final position papers.

*[March 1, 2002]*

NOTE REGARDING CIRP GROUPS:

A CIRP group must meet the deadlines as outlined above. Also, it must file a Schedule B for any provider that has not received a final determination or for which there is a jurisdiction matter to be resolved (See Attachment B). The participants in the CIRP group on Schedule A, that have met the jurisdictional requirements, will proceed to a hearing.

Once a provider listed on the Schedule B receives its final determination, it may appeal to the Board within 180 days of receipt of the final determination. The provider must submit with its request a copy of its final determination, a copy of the audit adjustment page in dispute, if appropriate, and a copy of the Schedule B (previously submitted in the group appeal). The Board will review the provider's documentation and notify the provider whether the Board proposes to treat it as part of the group appeal and apply the group decision to it. The Board may give the provider the opportunity to make any separate presentation the provider deems appropriate before the Board renders its final decision.

*[March 1, 2002]*

## IX. PREPARATION OF THE ASSOCIATED JURISDICTIONAL DOCUMENTATION (TO ACCOMPANY THE SCHEDULE OF PROVIDERS ("SCHEDULE A"):

Schedule A will be prepared to identify those providers that have received their final determination and that do not have jurisdiction matters to be resolved.

When preparing the associated jurisdictional documentation for submission to the lead intermediary, the group representative must submit a corresponding document for each

lettered column on Schedule A for each provider listed (with the exception of column C). For example:

> Exhibit 1A will correspond to line 1, column A and will contain a copy of the final determination for the first provider listed. Exhibit 2A will correspond to line 2, column A, and so forth.
>
> Exhibit 1B will correspond to line 1, column B and will contain a copy of the hearing request for the first provider. Exhibit 2B will correspond to line 2, column B, and so forth.
>
> Exhibit 1D will correspond to line 1, column D and will contain a copy of the applicable audit adjustment page (or identification of the statute, regulation, or manual provision challenged) for the first provider. Exhibit 2D will correspond to line 2, column D, and so forth.
>
> Exhibit 1E will correspond to line 1, column E and will contain a reimbursement calculation showing how reimbursement has been affected for the first provider. Exhibit 2E will correspond to line 2, column E, and so forth.
>
> Exhibit 1G will correspond to line 1, column G and will contain a copy of the first provider's addition and transfer to group letter(s) if applicable. Exhibit 2G will correspond to line 2, column G, and so forth.

These documents must be bound, tabbed and collated. Due to space limitations, however, the Board does not accept submissions in three-ring loose-leaf binders.

Because Schedule A and the associated jurisdictional documentation become a part of the official record, the group representative must structure the appeal so that it complies with the Board's format, is complete and is easily reviewable. Schedules and jurisdictional documents which are not bound, tabbed and collated in the proper format as described herein will be returned.

*[March 1, 2002]*

X. <u>PREPARATION OF THE ASSOCIATED JURISDICTIONAL DOCUMENTATION TO ACCOMPANY THE SCHEDULE OF PROVIDERS WITH JURISDICTION ISSUES AND PROVIDERS WITHOUT FINAL DETERMINATIONS ("SCHEDULE B")</u>:

Schedule B will be prepared to identify those providers that do not have a final determination as defined in 42 C.F.R. § 405.1835(c) or for which there is a jurisdiction matter that must be resolved.

For each provider listed, complete the first four columns and place an "X" in the appropriate column (or columns) to indicate the nature of the jurisdiction issue(s) (if applicable.) Also, complete the last column, if the issue is being transferred from another case.

Prepare a separate exhibit to support each line on Schedule B that contains all data relevant to the jurisdiction issue(s). For example:

> Exhibit 1A will correspond to line 1, column A and will contain a copy of the final determination (if one has been issued) for the first provider. Exhibit 2A will correspond to line 2, column A, and so forth.
>
> Note: If you place a check in column B for a provider on the Schedule, there will not be a date listed in column A and there will be no supporting exhibits A or B for that provider.
>
> Exhibit 1C will correspond to line 1, column C and will contain a fact sheet to describe the jurisdiction issue(s) for the first provider on the list (if applicable.) For example, if the question relates to late filing, the fact sheet should indicate the number of days, and should offer reasons for good cause, or provide other reasons why you believe the Board should favorably decide the jurisdiction question. Exhibit 2C will correspond to line 2, column C, and so forth.
>
> Exhibit 1D will correspond to line 1, column D and will contain a copy of the applicable audit adjustment page (or identification of the statute, regulation, or manual provision challenged) for the first provider (if appropriate.) Exhibit 2D will correspond to line 2, column D, and so forth.
>
> Exhibit 1E will correspond to line 1, column E and will contain copies of the letters adding the issue to the individual appeal and transferring the issue from the individual appeal to the group for the first provider (if applicable). Exhibit 2E will correspond to line 2, column E, and so forth.
>
> Tab, collate and bind each exhibit in sequence by line number.

*[March 1, 2002]*

## XI. POSTPONEMENT OF PROCEEDINGS

If any party to an appeal becomes the subject of investigation for possible fraud or other criminal or civil offenses, the Board may postpone all or part of the proceedings related to your appeal. See 42 C.F.R. § 405.1849.

If you or the intermediary want to postpone a Board deadline, you must put your request in writing to the Board. Until the Board makes a determination on your request, you must continue to comply with all due dates and Board procedures.

*[March 1, 2002]*

## XII. WITHDRAWING AN APPEAL

You may withdraw your appeal or any issue in your appeal for any reason. However, if you and the intermediary have resolved all issues in the appeal, you must withdraw your

case before the Board. In either situation, the request for withdrawal must be made to the Board in writing. If you are withdrawing your appeal based on a settlement agreement, you must have reduced the agreement to writing before you request withdrawal; and a copy of the settlement agreement, which is signed and dated by you and the intermediary, must accompany your request for withdrawal. You may submit your request for withdrawal even after the Board holds a hearing on your appeal, in which case the Board must receive the request before it mails your decision.

NOTE: You must continue to meet all Board due dates until the Board officially recognizes your request for withdrawal in writing.

*[March 1, 2002]*

## XIII. REINSTATEMENT REQUESTS

The Board may consider provider requests to reinstate an appeal that it has dismissed. These fall into two categories, both of which require you to follow specific Board procedures.

a. Reinstatement of Appeal Dismissed Pursuant to a Settlement Agreement -- If you fail to receive payment according to a settlement agreement, you may, within 180 days of the date of the Board's letter granting your withdrawal request and closing your appeal, request that your appeal be reinstated. Your reinstatement request must specifically explain why you want reinstatement and the issues you want reinstated. The Board will then consider your reinstatement request.

b. Reinstatement of Appeal Dismissed by the Board -- If you are requesting reinstatement because the Board dismissed your appeal for failure to comply with its procedures, you must explain in detail the reasons why you failed to comply. In general, this means the reasons you missed a position paper due date, failed to respond to a Board request for information, or failed to submit a timely withdrawal request based upon a settlement agreement. Your request for reinstatement must specifically identify the issues you want reinstated, and you must provide the document or information that you did not submit timely, causing your appeal to be dismissed. The Board will then consider your reinstatement request.

*[March 1, 2002]*

## XIV. PARTIES' RESPONSIBILITIES

The Board believes that many disputes between providers and intermediaries could be resolved if the parties met early to discuss their areas of difference. In fact, the Board wants to stress that the regulations at 42 C.F.R. § 405.1853(a) require the intermediary to review the materials submitted with your hearing request once it has been notified that such a request was filed. It is to join expeditiously with you to resolve issues and to agree upon the issues remaining for the Board to resolve. The Board strongly urges that the parties follow this process. Doing so may obviate the need for a costly hearing and a prolonged period between the filing of an appeal and the actual hearing.

The parties must meet all due dates, regardless of any outstanding jurisdictional challenges, motions or subpoena requests. Due dates can only be changed or eliminated by written confirmation of the Board. Because you are the moving party, if you do not meet a due date, the Board will dismiss your appeal. The Board must have your position paper, even if it does not have the intermediary's position paper, as it is your burden to prove your case. When you do meet your due dates, but the intermediary does not meet its due dates, the Board will refer the matter to CMS for contract compliance, and the case will proceed to a hearing, as if all parties have met their due dates.

*[March 1, 2002]*

D. Mediation

The Board offers the parties the opportunity to resolve their outstanding issues informally through the use of a form of alternate dispute resolution, i.e. mediation. Either party to a pending appeal who is interested in participating in mediation, should contact, in writing, the Director, Division of Hearings and Decisions at the Board's address. Once a request is received, both parties will be contacted to determine whether the case is an appropriate candidate for mediation and whether both parties agree to mediate. You must continue to adhere to all due dates until you receive written confirmation that the appeal has been accepted into the mediation program.

If these conditions are met, the Board staff will notify you in writing that the case has been accepted into the mediation program and will suspend all pending position paper due dates. The Board will notify you of the scheduled date of the mediation, which will generally take place at the offices of the intermediary. You and the intermediary must file with the mediators a short (one to two page) summary of your position on the issues to be mediated approximately two weeks before the mediation. You both must also exchange all relevant documentation. Both parties must designate a lead spokesperson for the mediation session. Additionally, the parties are required to have in attendance at the session someone with authority to settle the matters at issue.

At the session, the mediators allow you, as the moving party, to set forth your position first, after which the intermediary states its position. Following these presentations, the mediators meet privately to review the issues and, then, privately with each party to discuss areas of agreement, etc. If the parties voluntarily reach a resolution on some or all of the issues, they meet together to draft a settlement agreement.

*[March 1, 2002]*

## E. The Expedited Judicial Review Process

You, or providers in a group appeal, may bypass the hearing process and obtain Expedited Judicial Review (EJR) of a final reimbursement/payment determination of an intermediary that involves the validity of a governing law, regulation, or CMS Ruling if the Board has jurisdiction over your appeal. See 42 C.F.R. § 405.1842. You cannot obtain EJR for factual or legal issues that the Board has the authority to decide or for an issue or issues over which the Board does not have jurisdiction. The Board's jurisdictional decision is a prerequisite to an EJR decision. The Board will conduct a hearing on the remaining issues in your appeal while a court reviews issues for which you have been granted EJR.

In the case of a group request, EJR will be granted only for those providers over which the Board determines it has jurisdiction.

The Board must make an EJR decision within 30 days after it has accepted jurisdiction over the provider, and received the provider's complete request for EJR. The Board may make an EJR decision on its own motion.

*[March 1, 2002]*

### I. <u>REQUEST FOR EJR</u>

Your request for an EJR decision may be included with your hearing request (See Part I, B. <u>Request for a Board Hearing</u>) or you may request EJR at any time after you have filed your hearing request. You must file your request, which includes accompanying documents, for EJR in writing with the Board at the Board's address. You must separately identify an EJR request in the reference line of your letter. You cannot use telephone facsimile transmission to submit your request to the Board. You must simultaneously send a copy of your request to your intermediary. You must clearly identify the issue(s) and the controlling law, regulation(s), or CMS Ruling(s) for which the Board is to make a determination. You must also demonstrate that there are no factual issues in dispute and explain why you believe the Board cannot decide the issue(s).

*[March 1, 2002]*

### II. <u>BOARD ACTION ON YOUR REQUEST FOR EJR</u>

If your request does not contain enough information for the Board to make a decision, the Board will request more information from you or the intermediary. If you fail to respond, the Board will deny the EJR request. The 30-day period during which the Board must issue a decision begins on the later of the date of receipt by the Board of a complete request or its acceptance of jurisdiction. The "date of receipt" is the earlier of the date stamped by the Board on the incoming request or the date on the certified mail return receipt.

The Board may also consider any comments submitted by your intermediary before it issues its decision. If the Board believes that these comments warrant more information from you, it will request them.

If the Board is considering making a decision on its own motion that it lacks the authority to decide a question of law, regulations, or CMS Rulings, it will notify the parties of its intent. The parties will be allowed a reasonable time to file evidence or arguments either to support or oppose the proposed decision.

*[March 1, 2002]*

III. JUDICIAL REVIEW OF BOARD'S EJR DECISION

You may seek judicial review of the Board's decision to grant EJR or of its failure to issue a decision within the required 30-day period. You must bring civil action within 60 days of the date on which you receive the Board's decision or, if the Board does not make a decision, within 60 days of the end of the 30 day period. The Administrator does not review the Board's EJR decision.

If the Board determines that it lacks the authority to decide an issue and grants EJR, it will not grant you a hearing on the same issue. However, if the Board determines that it has jurisdiction and denies EJR, the case will proceed to a hearing.

*[March 1, 2002]*

ATTACHMENTS

Attachment A – Schedule of Providers in Group ("Schedule A")

Attachment B – Schedule of Providers with Jurisdiction Issues and Providers without Final Determinations ("Schedule B")

Attachment C - Sample Addition of Providers to Group letter

*[March 1, 2002]*

Attachment A:

Schedule of Providers in Group (Schedule A)

Group Name ______________________________ Page No. _______of ______

Representative ______________________________ Date Prepared ____________

Case No. ______________ Issue ______________________________________________

| | | | A | B | C | D | | E | F | G | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Provider | Provider | | Date of | Date of | No. of | Audit Adj. | | Amount of | Original | Date(s) of | |
| Number | Name | FYE | Intermediary | Final Determ | Hearing Rqst | Days | No. | | Reimbursement | Case No. | Add/Transf |
| 1. | (city, county, state) | | | | | | | | | | |
| 2. | (city, county, state) | | | | | | | | | | |
| 3. | (city, county, state) | | | | | | | | | | |
| 4. | (city, county, state) | | | | | | | | | | |
| 5. | (city, county, state) | | | | | | | | | | |
| 6. | (city, county, state) | | | | | | | | | | |
| 7. | (city, county, state) | | | | | | | | | | |

*[March 1, 2002]*

Attachment B:

Schedule of Providers with Jurisdiction Issues or Providers without Final Determinations (Schedule B)

Group Name________________________ Page No. _______of ______

Representative________________________ Date Prepared ____________

Case No. _______________Issue ________________________

| | Provider Number | Provider Name | FYE | A Intermediary | B No Final Determ | C Jurisdiction Final Determ | C Jurisdiction Issue | D Audit Adj. No. | E Orig. Case No. |
|---|---|---|---|---|---|---|---|---|---|
| 1. | | (city, county, state) | | | | | | | |
| 2. | | (city, county, state) | | | | | | | |
| 3. | | (city, county, state) | | | | | | | |
| 4. | | (city, county, state) | | | | | | | |
| 5. | | (city, county, state) | | | | | | | |
| 6. | | (city, county, state) | | | | | | | |
| 7. | | (city, county, state) | | | | | | | |

*[March 1, 2002]*

Attachment C:

CERTIFIED MAIL

Chairman
Provider Reimbursement Review Board
2520 Lord Baltimore Drive, Suite L
Baltimore, MD 21244 - 2670

RE: Addition of Providers to Group Appeal
Appeal Name
FYE
PRRB Case No.:

Dear Chairman:

The following provider(s) wishes to be added to the above-referenced group appeal:

| PROV. # | PROVIDER NAME | FYE | NPR DATE | INTERMEDIARY |
|---|---|---|---|---|
| 00-0000 | ABC Hospital | 00/00/00 | 00/00/00 | XYZ |

The NPRs and other supporting data will be supplied when the final "Schedule of Providers" is submitted to the Board.

Yours Truly,

Group Representative

cc: Intermediaries

*[March 1, 2002]*

**PROVIDER REIMBURSEMENT REVIEW BOARD**

**INSTRUCTIONS**

**PART II**


A. Prehearing Discovery

I. Scope and Limits of Discovery .......... 1

II. Methods of Discovery .......... 1

a. Depositions by Oral Examination .......... 2

b. Interrogatories to Parties .......... 2

c. Production of Documents and Items .......... 2

d. Failure to Cooperate in Discovery .......... 3

e. Subpoenas .......... 3

f. Affidavits .......... 3

g. Other Motions .......... 4

B. Position Papers

I. Preliminary Position Papers .......... 5

II. Final Position Paper Due Dates .......... 5

III. Extensions .......... 6

IV. Acceptable Final Position Papers .......... 6

a. Format Standards .......... 6

b. Content Standards .......... 7

c. Confidential Information .......... 7

d. Jurisdiction .......... 7

e. Number of Copies of Final Position Papers .......... 8

## A. Prehearing Discovery

The Provider Reimbursement Review Board (Board), in keeping with the tenets of due process, wants to ensure that the parties receive all available information relevant to the appeal. The Board, therefore, permits prehearing discovery upon a party's timely request. You or the intermediary may obtain discovery regarding any matter that is relevant to your case within the Board's guidelines. The Board, guided by the Federal Civil Judicial Procedure and Rules, rules on all petitions for discovery, assertions of privilege, or requests for a protective order. The Board's order is final.

*[May 1, 2000]*

### I. SCOPE AND LIMITS OF DISCOVERY

The Board may limit the use of discovery if it determines the request is overly burdensome or the parties had ample opportunity earlier to obtain the information they are now seeking. The Board disfavors discovery requests that are too general or vague or so far reaching in scope that they, in fact, are unreasonable. The parties are to conform the form of all discovery requests and responses to the requirements of the Federal Rules of Civil Procedure.

The Board encourages the parties to obtain relevant material early in the appeal on a voluntary basis without Board involvement. Examples of relevant material are final determinations, cost reports, desk review determinations, audit work papers, and pertinent correspondence. In some cases, you may make a discovery request to the CMS even though CMS is not a party to the proceedings.

Discovery requests must not be raised in a final position paper. However, if a party raises such a request simultaneous with the submission of a final position paper, it must brief it in a separate document. The Board stresses that if discovery becomes necessary, it closes 30 days before the hearing. No discovery request may be made later than 50 days before the hearing with responses due 20 days after the date of the request. See 42 C.F.R. § 405.1853.

*[March 1, 2002]*

### II. METHODS OF DISCOVERY

You or the intermediary may obtain discovery by one or more of the following: depositions by oral examination, written interrogatories, and production of documents and other items, including inspection and copying of documents.

*[March 1, 2002]*

a. Depositions by Oral Examination

Any party may take the testimony of another party to the appeal. You may ask the Board to issue a subpoena only if you are unsuccessful in obtaining the necessary depositions. The notice of oral deposition, which must be given at a reasonable time, must state the time and place of the examination, the name and address of each deponent, and the matters to be covered by oral examination.

Unless directed otherwise by the Board, the party seeking the deposition will administer the examination and cross-examination under oath. The party records and transcribes the examination, the cross-examination, and any objections made at the time. The deposed party, within 30 days, may examine the transcript and make any changes unless it waives this right. It must initial changes, state the reason behind the change, and sign the transcript. If it fails to do so, the party who took the deposition must, when it sends the transcript to the Board, note why it is unsigned.

*[March 1, 2002]*

b. Interrogatories to Parties

A party may serve upon any other party written interrogatories to be answered by the party. Unless there is an objection, the party answering the interrogatories responds fully in writing and under oath to each interrogatory. The party signs the answers or objections, if any, and serves a copy within 30 days unless the Board allows a shorter or longer period.

Where the answering party responds to an interrogatory with information from an examination or audit of business records or from the records themselves, the reply may identify the records. The answering party will give the other party reasonable opportunity to examine, audit, or inspect the records, and to make copies, compilations, or summaries.

*[May 1, 2000]*

c. Production of Documents and Items

You (or any party) may serve upon another party, and where appropriate CMS, a request for the production of documents relevant to the appeal, which are owned, controlled by, or in the custody of the party. You may request that designated documents and items be produced and that you be allowed to inspect and/or copy them.

The request must describe the items or categories of documents or items in reasonable detail and, if applicable, specify a reasonable time, place, and manner of making the inspection.

The party upon whom the request is served answers in writing within 30 days. If asked to do so, the Board may allow a shorter or longer period of time. The response states, for each item or category, that inspection and related activities are permitted, as requested. The party must explain in detail its objection to any item or category.

The party producing documents for inspection produces them as they are kept in the usual course of business.

*[March 1, 2002]*

d. Failure to Cooperate in Discovery

You (or any party) may submit a Motion to Compel Discovery to the Board if a party objected to or failed to respond to a discovery request or any part of the request. An evasive or incomplete response is treated as a failure to answer.

The Board grants or denies in whole or in part Motions to Compel. Parties ordered to comply by the Board must do so within the time frame set forth in the Board's order. If a party ordered to comply with a Motion does not do so, the Board can take several actions. It may, for example, order that matters of fact be treated as established for purposes of the claim of the party obtaining the order.

*[March 1, 2002]*

e. Subpoenas

The Board may, upon its own motion or at the request of a party, issue a subpoena for the attendance and testimony of a witness at the hearing or for the production of records or other materials relevant to the case.

The parties must file all subpoena requests as early as possible. Requests should be filed at least 30 days before the hearing. The requests must provide in sufficient detail the name and address of the person or the location of documents being subpoenaed to permit them to be found. The request must also state what will be established through the persons or documents being subpoenaed. The Board issues subpoenas only when the requesting party can show that what it is requesting by subpoena could not be secured by other means. See 42 C.F.R. § 405.1857.

The Board issues subpoenas in its name. The Medicare program, i.e., CMS, assumes the related costs.

*[March 1, 2002]*

f. Affidavits

Affidavits are written statements of fact that are made voluntarily and confirmed by oath or affirmation by the person making the statements. They are taken before persons who have the authority for administering such oaths, for example, a notary public. The Board, when deciding whether to admit an affidavit as evidence, takes into consideration the lack of opportunity to cross-examine the individual making the statement. In accordance with 28 U.S.C. § 1746, the Board will accept sworn and signed declarations in lieu of notarized affidavits.

*[March 1, 2002]*

g. Other Motions

Do not file motions in the final position paper. Motions must be briefed in a separate document and should not be filed later than 50 days before the hearing.

*[March 1, 2002]*

B. Position Papers

The Board's acknowledgment letter ("Acknowledgment and Critical Due Dates") notifies you of the dates for submitting your preliminary position paper to the intermediary. It also tells you and the intermediary when your final position papers are due to the Board.

The Board also requires position papers in group appeals. However, the Board requires only one position paper for the entire group.

*[March 1, 2002]*

I. PRELIMINARY POSITION PAPERS

When you submit your preliminary position paper to the intermediary, you must submit a letter to the Board certifying that you have met your preliminary position paper due date. In addition, you must provide the Board with a copy of the first page (only) of your preliminary position paper. If the entire preliminary position paper is submitted to the Board, it will be returned. If you fail to meet the preliminary position paper due date and fail to supply the Board with the required documentation, the Board will dismiss your appeal for failure to follow Board procedure.

After reviewing your preliminary position paper, the intermediary, within 60 days, must meet with you to settle issues, if appropriate, and prepare its own preliminary position paper. If the intermediary fails to timely submit its preliminary position paper by its due date, the Board will contact CMS regarding contract compliance.

*[March 1, 2002]*

II. FINAL POSITION PAPERS

The parties must exchange final position papers and submit them to the Board by the due date specified in the Board's Acknowledgment and Critical Due Dates letter. Even if you do not receive a preliminary position paper from the intermediary, you must still submit a final position paper in accordance with the Board's schedule. In that circumstance, you must advise the Board that you have not received the intermediary's preliminary position paper in the cover letter to your final position paper, and you may submit a supplement to your final position paper within 60 days of receiving the intermediary's final position paper.

The Board will dismiss your appeal if you fail to submit your final position paper by the Board's deadline. If you timely submit your final position paper, but the intermediary fails to submit its final position paper to the Board by the due date, the Board will schedule the case for a hearing date and will contact CMS regarding contract compliance. If either party wants its preliminary position paper to serve as its final position paper, it must submit it to and notify the Board, in writing, of its intent by the deadline for the final position paper.

*[March 1, 2002]*

## III. EXTENSIONS

The Board disfavors requests for extensions of time to file position papers. However, if either party believes that extraordinary circumstances warrant such a request, the request must be in writing and received by the Board in time for it to review the matter before the due date. A request for an extension should be considered denied unless the Board affirmatively grants the extension in writing before the date papers are due.

*[March 1, 2002]*

## IV. ACCEPTABLE FINAL POSITION PAPERS

The Board expects final position papers to meet certain standards regarding format and content. You and the intermediary must also certify, in the cover letter, that you have exchanged final position papers.

If your position paper does not explain the facts or make any arguments about an issue in accordance with the following guidelines, the Board may find that the position paper submitted for this issue is unacceptable. In this case, it will dismiss the issue from the appeal. If you fail to address an issue, the Board will dismiss it from your appeal.

If you are appealing a determination regarding your request for an exception to outpatient maintenance dialysis payments, you must submit your position paper and evidence according to the limitation in the regulations.

*[March 1, 2002]*

### a. Format Standards

Acceptable final position papers must identify the provider by name and number, the intermediary, the case number and the fiscal year end in dispute. They must describe each issue and intermediary adjustment in dispute, even if settlement is pending. The Board also requires the papers to be reproduced on 8 1/2 x 11 inch letter-sized paper; include a list of all exhibits; and have all exhibits tabbed, indexed, and identified to correspond with the issue they support. Your exhibits should be marked P-1, P-2, etc. in sequence. The intermediary should mark its exhibits as I-1, I-2, etc. in sequence. Because of space limitations, the Board cannot accept position papers submitted in loose leaf, three ring binders.

*[March 1, 2002]*

b. Content Standards

The Board expects the position papers to state the relevant facts and present arguments setting forth the parties' positions for each issue. Specifically, the description of an issue must include a summary of the pertinent facts and circumstances and cite the relevant statutory provisions, regulations, CMS Rulings, and other controlling authorities. You must identify the monetary amount, and explain its computation, for each item in dispute. The intermediary's paper must contain all documents that formed the basis for the determination(s) in dispute. In addition, the Board expects the papers to contain all documentary evidence and corroboration for the positions taken, as well as other items or statements that would assist the Board in its deliberations. Jurisdiction and other motions must not be embedded in the position papers but must be addressed in a separate document.

*[March 1, 2002]*

c. Confidential Information

Because the record in Board proceedings may be disclosed to the public, the parties should carefully review their documents to ensure that they do not contain patient names, health insurance or social security numbers, or other information that identifies individuals.

If the parties need to include materials with patient names, numbers, or other identifying information, they must redact (untraceably remove) the names or numbers and replace them with non-identifying sequential numbers. Both parties must certify to the Board that they have reviewed the original materials and that the redacted documents have been properly prepared. If the parties cannot certify the redacted documents, they must submit with the documents a sealed envelope containing the confidential information with a cross reference from the sequential numbers to the patient names, numbers, or other identifying information.

*[May 1, 2000]*

d. Jurisdiction

The parties must discuss any jurisdictional issues in a document separate from their final position papers. The issues must have a basis in law, the regulations, or program policy.

The Board looks unfavorably on frivolous jurisdiction disputes, that is, those without a legal basis. For example, a statement that one party does not understand the other party's issue or position is not a matter appropriately brought before the Board as a dispute over jurisdiction. The Board fully expects the parties to resolve this type of disagreement among themselves.

*[May 1, 2000]*

e. Number of Copies of Final Position Papers

The parties will submit by the due date one copy of their final position paper, the list of exhibits and all exhibits. The Notice of Board Hearing, which informs the parties of the specific hearing date, will also advise you on submitting additional copies of position papers. The parties should not resubmit their exhibits at this time.

If the parties have one position paper that covers several appeals, they still must submit separate copies for each appeal, in accordance with the preceding instructions.

*[March 1, 2002]*

**PROVIDER REIMBURSEMENT REVIEW BOARD**

**INSTRUCTIONS**

**PART III**

A. Hearing Activities

I. Notice of Board Hearing.......... 1

II. Hearing on the Record.......... 1

III. Prehearing Conference.......... 1

IV. Witnesses.......... 2

V. Disqualification of Board Member.......... 2

B. Board Hearing

I. Parties to a Board Hearing.......... 4

a. Related Organizations.......... 4

b. Interested Persons.......... 4

c. Representation.......... 4

d. Attendance at a Hearing.......... 5

II. Conduct of a Board Hearing.......... 5

a. Role of Board.......... 5

b. Presentation of a Party's Position.......... 6

c. Transcript.......... 6

III. Closing a Hearing and Posthearing Submissions.......... 6

C. The Board's Decision

## A. Hearing Activities

The Provider Reimbursement Review Board (Board) generally schedules a hearing date after it has received your final position papers and resolved any outstanding jurisdictional disputes or issues raised in the position papers.

*[May 1, 2000]*

### I. NOTICE OF BOARD HEARING

The Board will send you and the other parties a "Notice of Board Hearing" at least 30 days in advance of the hearing date. See 42 C.F.R. § 405.1849. The Notice includes, in addition to the specific hearing date, a list of issues that will be heard by the Board. The Board may, at its discretion, schedule cases concurrently. The Board will send no further notice to the parties before the scheduled hearing.

The Notice also contains an Acknowledgment section that you and the intermediary must sign and return to the Board, along with the extra copies of the final position papers (see Part II, B. Position Papers). You are given the opportunity to waive your right to have a quorum of Board members conduct the hearing. A quorum consists of three Board members, one of whom is a representative of providers. When multiple hearings are held on the same day, a quorum may not always be available to conduct the hearing. However, a quorum is required for making Board decisions, even though the members may not be in attendance when the hearing is conducted.

The Notice includes general instructions about the hearing including evidence and expert witness requirements. The parties are expected to follow these instructions.

*[March 1, 2002]*

### II. HEARING ON THE RECORD

You or any party may request, before the commencement of a hearing, that the Board decide the case solely on the basis of written evidence and exhibits. In a hearing of this type, there are no personal appearances or oral testimony. Both parties must agree to such a hearing, and the Board must approve the request. Parties to a record hearing will also receive a "Notice of Board Hearing." It is solely within the Board's discretion to grant or deny a request for a record hearing.

*[May 1, 2000]*

### III. PREHEARING CONFERENCE

A prehearing conference may be helpful regarding communicating a party's position and evaluating the possible settlement of issues. It may be used to clarify facts, to obtain and/or clarify stipulations as to facts and issues agreed to by the parties, to identify witnesses, to

consider evidence, and to consider other procedural matters.

A prehearing conference may be requested from the Board by any one of the following: you, the intermediary, or the Board Advisor. Such a request by either party should be made in writing and should define the purpose of the conference. The Chairman, or a member of the Board appointed by the Chairman, usually acts for the Board with respect to prehearing activities.

*[March 1, 2002]*

## IV. WITNESSES

Generally not later than one month prior to the hearing date, each party must submit a list of witnesses that shows the identification of each witness, their relationship to the party, and the nature of the evidentiary testimony. Witness lists must be served on the opposing party as well as the Board.

The Board will allow testimony from expert witnesses. The Board allows opinion evidence from witnesses on cost reimbursement issues without the necessity of qualifying them as experts. However, if you want a witness to qualify as an expert on cost reimbursement, or in any other area, you should identify the expert witnesses separately on the list of witnesses and submit, with the list, copies of resumes and a statement narrowly defining the area and scope of expertise within 15 days from the date of the Notice of Hearing. Each proposed expert witness must be qualified as an expert in a particular field to the satisfaction of the Board. Failure by either party to identify expert witnesses or provide copies of resumes and statements of expertise may result in the Board refusing to consider such proposed expert's testimony. The Board also rules on objections to expert witnesses. Its decision is final.

The Board, upon its own motion or at the request of a party, may call as a witness any employee of the Department of Health and Human Services with personal knowledge of the facts of the case. The Board advises CMS when it requests the testimony of a CMS employee.

*[March 1, 2002]*

## V. DISQUALIFICATION OF BOARD MEMBER

If you, or any other party, objects to a Board member's participation at the hearing, you must file a written objection prior to the hearing. Your objection must be in writing and filed with this Board member. You must also send copies of your petition for disqualification to the other members of the Board.

The Board member must decide as soon as possible whether he or she can render a fair and just decision, based solely on the record. A Board member may not adjudicate a dispute if he or she is prejudiced or partial with respect to any party or has an interest in the matter before the Board. If the Board member recuses himself or herself, all parties will be notified of the recusal.

If the Board member concludes there are insufficient grounds for withdrawing and the party does not agree, it may petition the Board in writing for a ruling on the member's decision prior to the commencement of the hearing. The Board, prior to the hearing, decides, without the participation of the Board member in question, and issues a decision on the party's petition.

A Board member may also recuse himself/herself prior to or during the conduct of the hearing.

*[March 1, 2002]*

B. Board Hearing

A Board hearing is an adversarial proceeding. The Board requires the parties to observe courtroom etiquette at all times. The Board will provide administrative due process and an opportunity for the parties to present their cases. The Board's responsibility at the hearing includes fact finding and examination of the evidence to determine whether it supports the facts or provides a rational basis for inferences of fact. The Board will establish a proper record that allows all parties to testify, cross-examine, and submit and examine all evidence.

A Board hearing is usually completed in one day or less.

*[May 1, 2000]*

I. PARTIES TO A BOARD HEARING

The parties to a Board hearing are generally you - the provider, the intermediary that rendered the determination being appealed, and any party the intermediary determines is a related organization to you.

*[May 1, 2000]*

a. Related Organizations

Related organizations with party status may present facts and arguments bearing on the propriety of the determination that they are, in fact, related organizations. They have all the rights of a party to an administrative proceeding.

*[May 1, 2000]*

b. Interested Persons

Other persons, facilities, or organizations, including CMS, may have an interest in the outcome of a hearing. In such cases, the Board may, upon its own motion or upon the written request of such person or a party to the proceedings, designate interested person status. An interested person does not have the same rights as a party. It normally presents evidence or gives testimony through a party or directly to the Board at its request. However, the Board may grant party status to an interested person if it believes substantial justice would be served.

*[May 1, 2000]*

c. Representation

You, or your related party or any other party, may appoint legal counsel or any other person to act as your representative at the hearing. (See also Part I, C. Board Policies and Procedures for Pursuing an Appeal.) You cannot appoint as your representative an individual disqualified or suspended from participating as a representative in other proceedings before DHHS; an individual who is prohibited by law from being a representative; or an officer or employee of the intermediary or its subcontractor who directs or makes payment determinations. The contract

between the intermediary and its subcontractor audit firm may preclude the latter from assisting you in resolving disputes arising from one of its Medicare audits.

At the hearing, your representative may present evidence and allegations as to facts and law. A representative may examine and cross-examine witnesses.

*[May 1, 2000]*

d. Attendance at a Hearing

If you fail to appear at the hearing without a good cause finding by the Board, it will dismiss your case with prejudice. If an emergency arises that prevents your appearance, you should immediately request a continuance.

Witnesses may not leave a Board hearing until it has been adjourned unless the Board has granted permission to do so.

The Board controls admission to a hearing. It may open a hearing to other persons in addition to the parties, witnesses, related organizations, and interested persons if it finds their presence necessary and proper.

*[March 1, 2002]*

## II. CONDUCT OF A BOARD HEARING

You have the right and opportunity at a hearing to prosecute your position, offer evidence, call witnesses, cross-examine witnesses, and offer rebuttal presentation. The intermediary has the right to present testimony, witnesses, and offer evidence for consideration by the Board. Its representative may cross-examine parties and witnesses in rebutting your position.

*[March 1, 2002]*

a. Role of Board

The Board has exclusive authority and complete responsibility for the conduct of the hearing. The Board member presiding at the hearing begins the hearing with an Opening Statement.

The Board rules on the admissibility of evidence, the necessity of extended examination and cross-examination, objections raised by the parties, the order of testimony, and the materiality and relevance of any other matter to the proceeding. The Board rules on admissibility of evidence based upon relevance and materiality rather than the form in which the material appears. Thus, it may accept evidence that is inadmissible under the rules of evidence applicable to court procedures. The Board's ruling on admissibility is final.

During the hearing, the Board may also question witnesses. In guiding the hearing, the Board determines the order of proof and testimony.

*[March 1, 2002]*

b. Presentation of a Party's Position

You, and any other party, have a reasonable opportunity to present oral arguments at the hearing.

You, and any other party, should open with a statement summarizing the facts, issues in controversy, matters stipulated to, amount of program payment in dispute, and the nature of the evidence and testimony to follow.

The parties may use all or part of an admissible deposition at the hearing against any party who was present or represented at the taking of the deposition or had reasonable notice thereof. Specifically, the parties may use a deposition to contradict or to impeach a deponent's testimony as a witness. If you offer as evidence only part of a deposition, an opposing party may require you to introduce any other part that it believes should also be considered. You may object to receiving in evidence any deposition or part thereof that would be excluded if the witness were present and testifying. You may use interrogatories at the hearing if relevant to the issue(s) under appeal.

Witnesses at the hearing testify under oath or affirmation. The Board requires each witness to affirm the authenticity and veracity of his or her testimony under penalty of law.

If you, or any party, want to submit new documentary evidence at the hearing and can demonstrate why you did not submit the evidence earlier, the Board, upon its own motion or at the request of a party, may accept evidence introduced after the commencement of the hearing. The party that wants to submit the new evidence must provide a complete set of all such documents to the other party as soon as possible but prior to the hearing and provide six copies for distribution at the hearing.

At the close of the hearing, the parties may summarize the facts and evidence, the contentions, supporting arguments, and proposed conclusions.

*[March 1, 2002]*

c. Transcript

The Board has a verbatim transcript made of each hearing. The cost of a hearing transcript is borne by the program. The Board makes copies of the transcript available to the parties to the hearing upon their request and at their expense.

*[March 1, 2002]*

## III. CLOSING A HEARING AND POSTHEARING SUBMISSIONS

The Board, following final arguments, closes the hearing. The Board may at any time, on its own motion or by motion of a party, continue a hearing to obtain additional evidence or testimony it believes material and relevant to the outcome.

The parties are expected to submit posthearing briefs to the Board. In preparing these briefs, the parties should include a proposed decision in the following format: (a) a statement of the issue(s); (b) a summary of the facts; (c) contentions of the parties; (d) findings and conclusions

with appropriate analysis; and (e) the recommended decision. The parties are to submit the posthearing briefs within the Board's established time frame. The parties must send six copies of their briefs to the Board. *[March 1, 2002]*

C. The Board's Decision

The Board bases its hearing decision on the complete case record, including the verbatim transcript of the live hearing proceedings. The opinion of the majority of Board members deciding the case constitutes the Board's decision.

The Board issues its hearing decision as soon as possible, normally within six months, after the conclusion of the hearing and the time allotted for posthearing briefs. It mails the written decision to all parties at the addresses in the Board's records, the Administrator of CMS, and relevant CMS components. The decisions are published and made available to interested persons. The Board issues one decision for a group appeal. In addition, the decisions are available on the Board's website at www. hcfa.gov/regs/prrb.htm.

The Board decision is final and binding upon all parties to the hearing unless the Administrator of CMS reviews and affirms, reverses, modifies, or remands the decision (See 42 C.F.R. § 405.1877); it is reopened in accordance with 42 C.F.R. § 405.1885; fraud is involved; or you appeal to the court for relief.

Any revision made to a Board decision is final and binding upon all parties, subject to the exceptions just noted. Such revision is a separate and distinct decision subject to the administrative and judicial review provisions applicable to any other Board decision.

*[March 1, 2002]*

**Provider Reimbursement Review Board**

Hearing Procedures for an Appeal of a Denial of an
ESRD Exception Request

- The facility has the burden of proof to show that the Health Care Financing Administration's (HCFA's) action did not conform to the provisions of 42 C.F.R. § 413.180 et seq (1999) and that the facility has satisfied
the requirements of a particular exception criterion. It must justify, as reasonable, any identifiable excess costs by component, items or services. (2/01)

- Any evidence presented at the hearing must be limited by the requirements in 42 C.F.R. § 413.194(c)(2)(1999). The facility shall have the right to be represented by counsel and to examine and cross-examine witnesses. ( 2/01)

- The hearing is not the forum to "perfect" an otherwise inadequate or insufficient exception request. Therefore, testimony and evidence will not be admissible where the information or data was not considered by HCFA at the time the exception request was submitted, even if material and relevant to the exception request criteria. See, 42 C.F.R. § 413.194(c)(2) ( 1999). This includes information and cost experience occurring before the exception request was filed, but not included in the exception request. In addition, cost experience occurring after an exception is requested is not admissible. The requirements of a particular exception criterion sought, coupled with the data submitted in the exception request, will determine the scope and type of admissible evidence. (02/01)

- The Board will accept:

1. All documentation submitted in the exception request.

2. All documentation and testimony regarding the intermediary and HCFA determinations. Documentation utilized in making the decision and testimony explaining HCFA's actions pertaining to its determination. (02/01)

Confidential Information

Because the hearing record is discloseable to the public, the parties should carefully review their documents to ensure that they do not inadvertently contain patient names, health insurance or social security numbers or other information that identifies individuals. Where patient data is necessary for a full presentation of the case, the material with patient identifying information must be redacted (untraceably removed) and replaced with non-identifying sequential numbers. Both parties must certify to the Board that they have reviewed the original materials and that the redacted materials have been properly prepared. If the parties cannot certify the redacted documents, a sealed envelope with a cross-reference from the sequential numbers to the patient information must be submitted with the redacted documents. **DOCUMENTS THAT DO NO COMPLY WITH THIS INSTRUCTION WILL NOT BE ACCEPTED BY THE BOARD, WILL BE RETURNED TO THE PARTY SUBMITTING THEM, WILL NOT BE PART OF THE RECORD AND NOT CONSIDERED IN THE DECISION MAKING PROCESS.** (2/01)